**Ronald Hugh FOGLE, Appellant,**

v.

**The STATE of Texas, State.**

No. 2–98–325–CR.

Court of Appeals of Texas, Fort Worth.

March 11, 1999.

Earl R. Waddell, III, Fort Worth, for Appellant.

Tim Curry, Criminal District Attorney, Chuck Mallin, Assistant Criminal District Attorney, John A. Stride, Assistant Criminal District Attorney, Leslie Hardy, Assistant Criminal District Attorney, Robert Martinez, Assistant Criminal District Attorney, Fort Worth, for Appellee.

Panel B: DAUPHINOT, RICHARDS, and HOLMAN, JJ.

## OPINION

DIXON W. HOLMAN, Justice.

Ronald Hugh Fogle was convicted of driving while intoxicated ("DWI") with felony repetition. *See* TEX. PENAL CODE ANN. §§ 49.04, 49.08 (Vernon 1998). Appellant asserts three points on appeal, contending the evidence was legally insufficient to prove that he introduced alcohol into his body and factually insufficient to prove that he lost the normal use of his mental or physical faculties, and that the prosecutor improperly commented on his failure to testify. Because we find no reversible error, we affirm.

## BACKGROUND

On April 5, 1997, Ray Lynn Leslie and Cedric Bennett saw Appellant driving a light-colored car on a street near an apartment complex where they were visiting friends. Leslie and Bennett testified that they observed the car driving slowly, swerving within its lane, and side-swipe a parked BMW. As Bennett chased the car on foot for about a block, never losing sight of it, he saw Appellant eventually turn into another apartment complex parking lot. Bennett walked up to Appellant's car and knocked on the driver's window. Appellant rolled down his window and nodded that he was okay. Bennett testified that Appellant reeked of alcohol.

Bennett returned to his friends' apartment and called the police. Police Officer Ricardo Lucero responded to the call. Officer Lucero described Appellant as swaying, having blood shot eyes, and a heavy odor of alcohol "from his person," that his speech was slurred and incoherent, and that it appeared that Appellant had urinated on himself. Officer Lucero testified that he did not administer any field sobriety tests because he believed Appellant was so intoxicated that he would have hurt himself. After speaking to witnesses, Officer Lucero arrested Appellant for hit-and-run. Appellant refused to take a breath intoxilyzer test.

The State charged Appellant with DWI. The indictment and the trial court's charge to the jury stated in relevant part:

[Appellant], ... did ... operate a motor vehicle in a public place while the said

Defendant was intoxicated by not having the normal use of his mental or physical faculties by reason of the introduction of alcohol into his body.

The jury found Appellant guilty, and the trial court sentenced him to three years.

## LEGAL SUFFICIENCY

■ In Appellant's first point, he asserts that the evidence was legally insufficient to prove that he introduced alcohol into his body. In reviewing the legal sufficiency of the evidence to support a conviction, we view the evidence in the light most favorable to the verdict. *See Narvaiz v. State*, 840 S.W.2d 415, 423 (Tex.Crim.App.1992), *cert. denied*, 507 U.S. 975, 113 S.Ct. 1422, 122 L.Ed.2d 791 (1993). The critical inquiry is whether, after so viewing the evidence, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. *See McDuff v. State*, 939 S.W.2d 607, 614 (Tex.Crim.App.), *cert. denied*, —— U.S. ——, 118 S.Ct. 125, 139 L.Ed.2d 75 (1997). This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560 (1979).

The legal sufficiency of the evidence is a question of law. The issue on appeal is not whether we as a court believe the State's evidence or believe that the defense's evidence outweighs the State's evidence. *See Matson v. State*, 819 S.W.2d 839, 846 (Tex. Crim.App.1991); *Wicker v. State*, 667 S.W.2d 137, 143 (Tex.Crim.App.), *cert. denied*, 469 U.S. 892, 105 S.Ct. 268, 83 L.Ed.2d 204 (1984). Our duty is not to reweigh the evidence from reading a cold record but to act as a due process safeguard ensuring only the rationality of the factfinder. *See Williams v. State*, 937 S.W.2d 479, 483 (Tex.Crim.App. 1996). The verdict may not be overturned unless it is irrational or unsupported by proof beyond a reasonable doubt. *See Matson*, 819 S.W.2d at 846.

Appellant argues that the evidence was legally insufficient to show that he consumed alcohol because there was no direct evidence that the odor of alcohol came from his breath. We disagree.

At trial, Bennett testified as follows:

[Bennett]: He was reeking of alcohol.

[Prosecutor]: Okay. And by "reeking of alcohol," do you mean he smelled like alcohol?

[Bennett]: Yes.

[Prosecutor]: Okay. And how did you determine that?

[Bennett]: *From the smell on his breath*, you know, the—you know, it's like the interior of the car was a brewery. (emphasis added).

Having carefully reviewed the evidence under the applicable standard, we conclude that the evidence was legally sufficient to support the jury's finding that Appellant was intoxicated from the introduction of alcohol into his body. We overrule point one.

## FACTUAL SUFFICIENCY

■ In point two, Appellant asserts that the evidence is factually insufficient to prove that Appellant lost the normal use of his mental or physical faculties. In reviewing the factual sufficiency of the evidence to support a conviction, we are to view "all the evidence without the prism of 'in the light most favorable to the prosecution.'" *Clewis v. State*, 922 S.W.2d 126, 129 (Tex.Crim.App. 1996) (citing *Stone v. State*, 823 S.W.2d 375, 381 (Tex.App.—Austin 1992, pet. ref'd, untimely filed)). We may only set aside the verdict if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *See id.* In performing this review, we are to give "appropriate deference" to the fact finder. *Id.* at 136. We may not reverse the fact finder's decision simply because we may disagree with the result. *See Cain v. State*, 958 S.W.2d 404, 407 (Tex.Crim.App.1997). Instead, we may find the evidence factually insufficient only where necessary to prevent manifest injustice. *See id.*

Appellant argues that the evidence is insufficient because the State failed to prove what Appellant's normal use of his mental and physical faculties was, and therefore did

not have proof that he had *lost the normal use* of his faculties.

■ Both the Dallas and Texarkana courts of appeals have addressed this issue. *See Reagan v. State*, 968 S.W.2d 571, 572 (Tex. App.—Texarkana 1998, pet. ref'd); *Massie v. State*, 744 S.W.2d 314, 316 (Tex.App.—Dallas 1988, pet. ref'd). In *Massie*, the Dallas court of appeals opined:

> [A]ppellant contends the evidence was insufficient because there is no evidence of appellant's normal use of his faculties and thus no proof that he lost his normal use of them as alleged in the information. We do not construe an allegation that appellant did not have normal use of his mental and physical faculties the same as an allegation that appellant did not have *his* normal use of his faculties. The former allegation does not require proof of the defendant's normal abilities. Rather, it means that the faculties which must be tested belong to appellant. If there was evidence that appellant could not use his faculties on the occasion in question, in the manner in which the normal non-intoxicated person would be able to use his faculties, the evidence is sufficient to convict him unless the jury finds that his inability to perform on that occasion is not due to intoxicants (e.g. diabetes; epilepsy).

*Massie*, 744 S.W.2d at 316. We follow the Dallas and Texarkana courts of appeals by holding that the State does not have to establish what the defendant's normal use of his faculties is in order to prove that he did not have normal use of his mental and physical faculties.

At trial, Appellant offered the testimony of Dr. Mary Cannon, who testified that Appellant suffers from "an organic brain disorder," and that at the time of his arrest, he may have been intoxicated, psychotic and intoxicated, or just psychotic. After hearing Dr. Cannon's, Bennett's and Officer Lucero's testimony, the jury concluded that Appellant was intoxicated at the time of the offense. Having carefully reviewed the record, we conclude that there was sufficient evidence to support the jury's finding that Appellant had lost the normal use of his mental and physical faculties.

## IMPROPER COMMENT

■ In his third point, Appellant contends that the trial court erred by denying his request for a mistrial after sustaining his objection that the prosecutor was commenting on Appellant's failure to testify. The court also instructed the jury to disregard the prosecutor's remark, which took place during the State's closing argument:

> [PROSECUTOR]: And this is your opportunity to send a message to [Appellant], to say, you know, "We don't care if you might have an organic brain disorder." "Might" is the key word there because they have subpoena power to bring to you any evidence of any physical or mental impairment that he might have.

> [APPELLANT'S COUNSEL]: Objection, Your Honor. Counsel is shifting the burden of proof.

> THE COURT: Sustained.

> [PROSECUTOR]: In response to the argument that he might have, this problem, whatever this problem might be, be it being a spoiled brat, being intoxicated, or having a mental defect, the only evidence we have is Dr. Cannon's testimony that that's a possibility. If there were other evidence, they have subpoena power and ways to bring that evidence before you, that don't have anything to do with shifting the burden. Okay?

> The facts are that on April 5th of 1997, this Defendant—and these are the undisputed facts—in Tarrant County, Texas—

> [APPELLANT'S COUNSEL]: Objection, Your Honor. That's a comment on the Defendant's failure to testify.

> THE COURT: Sustained.

> [APPELLANT'S COUNSEL]: Your Honor, we'd ask the jury be instructed to disregard that last comment of the prosecutor.

> THE COURT: Jury will so disregard.

> [APPELLANT'S COUNSEL]: And while we appreciate that instruction, we have to request a mistrial at this time.

> THE COURT: Denied.

The State may not comment on the accused's failure to testify. *See* U.S. Const. Amend. V; Tex. Const. art. I § 10. However, before a statement constitutes a comment on the accused's failure to testify, it must be more than an implied or indirect allusion to the defendant's silence. *See Myers v. State,* 573 S.W.2d 19, 20 (Tex.Crim.App. [Panel Op.] 1978). An indirect comment that labels certain evidence as uncontroverted, unrefuted, or uncontradicted is impermissible if only the accused could offer the rebutting evidence. *See id.* at 20–21. Thus, if the remark complained of called the jury's attention to the absence of evidence that only the defendant's testimony could supply, the conviction must be reversed. *See id.* The State argues that despite the trial court's ruling, the prosecutor's argument was not a comment on Appellant's failure to testify because it did not call to the jury's attention an absence of evidence that only the Appellant could have provided. We agree.

The prosecutor's remarks concerned Appellant's argument that he was suffering from an organic brain disorder. She was not pointing out to the jury that there was an absence of evidence that only Appellant could supply; rather, she was pointing out that there was a lack of other extrinsic evidence establishing Appellant's disorder. This is evidenced by the prosecutor's statement that Appellant has subpoena power to bring you any evidence. A criminal defendant need not subpoena himself in order to secure his own testimony. Although the trial court sustained Appellant's objection and instructed the jury to disregard the prosecutor's remark, we presume the judge was acting in an abundance of caution. The prosecutor's statement was not a comment on Appellant's failure to testify, and the trial court did not err by denying Appellant's request for a mistrial. We overrule point three.

## CONCLUSION

Having overruled all of Appellant's points, we affirm the conviction and trial court's judgment.