Gomez v. State




COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-203-CR
 
FERNANDO GOMEZ                                                                        
APPELLANT
V.
THE STATE OF TEXAS                                                                            
STATE
------------
FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY
------------
MEMORANDUM OPINION
(1)
------------
Fernando Gomez appeals his
conviction for driving while intoxicated (DWI). The trial judge sentenced him to
120 days in jail probated for twenty-four months and a $500 fine. In one issue
on appeal, appellant contends that the evidence is factually insufficient to
sustain his conviction. We will affirm.
In his sole issue, appellant complains that the evidence
is factually insufficient to sustain his conviction because the State failed to
prove beyond a reasonable doubt that he was intoxicated on the date of his
arrest. Specifically, he contends that the videotape made at the police station
after appellant's arrest contradicts the officers' testimony that appellant had
lost the normal use of his faculties.
In reviewing the factual sufficiency of the evidence to support a
conviction, we are to view all the evidence in a neutral light, favoring neither
party. Johnson v. State, 23 S.W.3d 1, 7 (Tex. Crim. App.
2000); Clewis v. State, 922 S.W.2d 126, 129 (Tex. Crim.
App. 1996). Evidence is factually insufficient if it is so weak as to be clearly
wrong and manifestly unjust or the adverse finding is against the great weight
and preponderance of the available evidence. Johnson, 23
S.W.3d at 11. Therefore, we must determine whether a neutral review of all the
evidence, both for and against the finding, demonstrates that the proof of guilt
is so obviously weak as to undermine confidence in the verdict,
or the proof of guilt, although adequate if taken alone, is greatly outweighed
by contrary proof. Id. In performing this review, we are
to give due deference to the fact finder's determinations. Id.
at 8-9; Clewis, 922 S.W.2d at 136. Consequently, we may
find the evidence factually insufficient only where necessary to prevent
manifest injustice. Johnson, 23 S.W.3d at 9, 12; Cain
v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).
To sustain a conviction for driving a motor vehicle while intoxicated,
the evidence must show that appellant drove the vehicle, that he drove while he
was intoxicated, and that he drove in a public place. Johnson
v. State, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975). If there is evidence
that appellant could not use his faculties on the occasion in question, in the
manner in which a normal nonintoxicated person would be able to use his
faculties, the evidence is sufficient to sustain his conviction unless the jury
finds that his inability to perform on that occasion was not due to intoxicants.
Fogle v. State, 988 S.W.2d 891, 894 (Tex. App.--Fort Worth
1999, pet. ref'd).
In this case, Officer Ken Bretches first observed appellant's vehicle
sitting at a red light. When the signal light turned green, appellant turned his
bright lights on and quickly accelerated, causing his tires to spin on the
pavement. The sound of the tires screeching on the pavement drew Officer
Bretches attention, so he decided to follow the vehicle. As the vehicle
continued to accelerate, Officer Bretches observed the vehicle weave across
three lanes of traffic on three separate occasions. Using his radar gun, he
determined that the vehicle was traveling at fifty-two miles per hour in a forty
mile per hour zone. Officer Bretches then signaled appellant to pull his vehicle
to the side of the road. As he approached appellant's vehicle, he detected the
very strong odor of alcohol. He asked appellant if he had been drinking, and
appellant admitted to having had four drinks.
When appellant stepped out of the vehicle, Officer Bretches noticed
that he was swaying and was generally unsteady on his feet. In addition,
appellant's eyes were watery and his speech was slurred. Suspecting
intoxication, Officer Bretches asked appellant to perform three field sobriety
tests. During the horizontal gaze nystagmus test, both of appellant's eyes
demonstrated nystagmus. While performing the walk-and-turn, appellant was unable
to keep his balance, he would not touch heel-to-toe, and he stepped off of the
line to catch himself. Then, while performing the one-leg stand, appellant
swayed from side to side, hopped up and down to keep his balance, put his foot
down, and used his arms to steady himself.
After determining that appellant was intoxicated, Officer Bretches
placed him under arrest and transported him to the intoxication facility at the
county jail. He arrived at the facility approximately thirty-five minutes after
Officer Bretches first stopped his vehicle and was placed in a
hold-over cell until they could get his paperwork completed. Once
the paperwork was completed, appellant was taken into the intoxilyzer video
room. Officer Lawrence Bridges, the intoxilyzer operator, asked appellant to
stand on an X marked on the floor and handed appellant a written copy of the DWI
statutory warnings. Officer Bretches then proceeded to read them aloud. As
appellant followed along, his body swayed from side to side. When asked to
provide a breath specimen, appellant repeatedly asked what would happen if he
refused. After Officer Bretches told him several times that he could not offer
him any legal advice, he finally refused to give a specimen. Officer Bretches
then left the room, and Officer Bridges asked appellant to perform two sobriety
tests in front of the camera. While performing the tests, appellant swayed from
side to side, lost count while performing the one-leg stand, and stumbled during
the walk-and-turn. Although his speech was audible, it was somewhat slurred and
slow. Officer Bridges testified that it was his opinion, based on
his experience and training, that appellant had lost the normal use of his
mental and physical faculties.
Based on our review of the testimony and videotape in this case, we
cannot say that the proof of guilt in this case is so obviously weak as to
undermine confidence in the jury's determination that appellant was intoxicated,
or that it is greatly outweighed by contrary proof. Perkins
v. State, 19 S.W.3d 854, 858 (Tex. App.--Waco 2000, pet. ref'd) (holding
that DWI videotape and defense witness testimony that contradicted the State's
witnesses did not render the evidence factually insufficient). Accordingly,
we overrule appellant's sole point and affirm the trial court's judgment.
 
                                                                       
JOHN CAYCE
                                                                       
CHIEF JUSTICE
 
PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.
 
DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: May 1, 2003

1. See Tex. R. App. P. 47.4.