Gomez v. State

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-203-CR

FERNANDO GOMEZ APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM COUNTY CRIMINAL COURT NO. 9 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Fernando Gomez appeals his conviction for driving while intoxicated (DWI).  The trial judge sentenced him to 120 days in jail probated for twenty-four months and a $500 fine.  In one issue on appeal, appellant contends that the evidence is factually insufficient to sustain his conviction.  We will affirm.

In his sole issue, appellant complains that the evidence is factually insufficient to sustain his conviction because the State failed to prove beyond a reasonable doubt that he was intoxicated on the date of his arrest.  Specifically, he contends that the videotape made at the police station after appellant’s arrest contradicts the officers’ testimony that appellant had lost the normal use of his faculties.    

In reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party. 
 Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996).  Evidence is factually insufficient if it is so weak as to be clearly wrong and manifestly unjust or the adverse finding is against the great weight and preponderance of the available evidence.  
Johnson
, 23 S.W.3d at 11.  Therefore, we must determine whether a neutral review of all the evidence, both for and against the finding, demonstrates that the proof of guilt is so obviously weak as to undermine confidence in the
 verdict
, or the proof of guilt, although adequate if taken alone, is greatly outweighed by contrary proof.  
Id.
  In performing this review, we are to give due deference to the fact finder’s determinations.  
Id.
 at 8-9; 
Clewis,
 922 S.W.2d at 136.  Consequently, we may find the evidence factually insufficient only where necessary to prevent manifest injustice.  
Johnson
, 23 S.W.3d at 9, 12; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).

To sustain a conviction for driving a motor vehicle while intoxicated, the evidence must show that appellant drove the vehicle, that he drove while he was intoxicated, and that he drove in a public place.  
Johnson v. State
, 517 S.W.2d 536, 538 (Tex. Crim. App. 1975).  If there is evidence that appellant could not use his faculties on the occasion in question, in the manner in which a normal nonintoxicated person would be able to use his faculties, the evidence is sufficient to sustain his conviction unless the jury finds that his inability to perform on that occasion was not due to intoxicants.  
Fogle v. State
, 988 S.W.2d 891, 894 (Tex. App.—Fort Worth 1999, pet. ref’d).

In this case, Officer Ken Bretches first observed appellant’s vehicle sitting at a red light.  When the signal light turned green, appellant turned his bright lights on and quickly accelerated, causing his tires to spin on the pavement.  The sound of the tires screeching on the pavement drew Officer Bretches attention, so he decided to follow the vehicle.  As the vehicle continued to accelerate, Officer Bretches observed the vehicle weave across three lanes of traffic on three separate occasions.  Using his radar gun, he determined that the vehicle was traveling at fifty-two miles per hour in a forty mile per hour zone.  Officer Bretches then signaled appellant to pull his vehicle to the side of the road.  As he approached appellant’s vehicle, he detected the very strong odor of alcohol.  He asked appellant if he had been drinking, and appellant admitted to having had four drinks. 

When appellant stepped out of the vehicle, Officer Bretches noticed that he was swaying and was generally unsteady on his feet.  In addition, appellant’s eyes were watery and his speech was slurred.  Suspecting intoxication, Officer Bretches asked appellant to perform three field sobriety tests.  During the horizontal gaze nystagmus test, both of appellant’s eyes demonstrated nystagmus.  While performing the walk-and-turn, appellant was unable to keep his balance, he would not touch heel-to-toe, and he stepped off of the line to catch himself.  Then, while performing the one-leg stand, appellant swayed from side to side, hopped up and down to keep his balance, put his foot down, and used his arms to steady himself. 

After determining that appellant was intoxicated, Officer Bretches placed him under arrest and transported him to the intoxication facility at the county jail.  He arrived at the facility approximately thirty-five minutes after Officer Bretches first stopped his vehicle and 
was placed in a hold-over cell until they could get his paperwork completed.  
Once the paperwork was completed, appellant was taken into the intoxilyzer video room.  Officer Lawrence Bridges, the intoxilyzer operator, asked appellant to stand on an X marked on the floor and handed appellant a written copy of the DWI statutory warnings.  Officer Bretches then proceeded to read them aloud.  As appellant followed along, his body swayed from side to side.  When asked to provide a breath specimen, appellant repeatedly asked what would happen if he refused.  After Officer Bretches told him several times that he could not offer him any legal advice, he finally refused to give a specimen.  Officer Bretches then left the room, and Officer Bridges asked appellant to perform two sobriety tests in front of the camera.  While performing the tests, appellant swayed from side to side, lost count while performing the one-leg stand, and stumbled during the walk-and-turn.  Although his speech was audible, it was somewhat slurred and slow.  
Officer Bridges testified that it was his opinion, based on his experience and training, that appellant had lost the normal use of his mental and physical faculties. 

Based on our review of the testimony and videotape in this case, we cannot say that the proof of guilt in this case is so obviously weak as to undermine confidence in the jury’s determination that appellant was intoxicated, or that it is greatly outweighed by contrary proof.
  
Perkins v. State
, 19 S.W.3d 854, 858 (Tex. App.—Waco 2000, pet. ref’d) (holding that DWI videotape and defense witness testimony that contradicted the State’s witnesses did not render the evidence factually insufficient).  
Accordingly, we overrule appellant’s sole point and affirm the trial court’s judgment.      

JOHN CAYCE

CHIEF JUSTICE

PANEL A: CAYCE, C.J.; DAY and HOLMAN, JJ.

DO NOT PUBLISH

Tex. R. App. P. 
47.2(b)

DELIVERED: May 1, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P. 47.4.