MCKENZIE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO.  2-04-170-CR

THOMAS EARL MCKENZIE APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

I.  Introduction

A jury convicted Appellant Thomas Earl McKenzie of felony driving while intoxicated (DWI).  The trial court, after having accepted McKenzie’s plea of true to the habitual offender notice, sentenced him to thirty-five years’ confinement.  In four points, McKenzie challenges the legal and factual sufficiency of the evidence to support the conviction.  We will affirm.

II.  Factual and Procedural Background

Officer Michael Sandlin of the Haltom City Police Department
 
was patrolling Belknap Street around 7:00 p.m. on February 2, 2003.  Traveling eastbound, Officer Sandlin took his eyes off of the road for a brief moment in order to check his on-board computer, and when he looked up, he observed the headlights of a vehicle traveling westbound in his lane heading directly for him. Officer Sandlin swerved onto the right shoulder to avoid colliding with the vehicle, made a u-turn, and observed the vehicle continuing to travel partially in the wrong lane of traffic.  He activated his emergency lights, stopped the vehicle, and detected the odor of beer upon approaching the driver, later identified as McKenzie.  Officer Sandlin asked McKenzie to exit his vehicle, at which point McKenzie momentarily stumbled into traffic, which caused an oncoming vehicle to brake hard in order to avoid hitting McKenzie.  

Officer Philip Brooks arrived shortly thereafter to assist Officer Sandlin. Officer Brooks smelled the odor of alcohol on McKenzie and observed that he had difficulty standing and that he slurred his speech.  Officers Brooks and Sandlin administered a number of field sobriety tests, which included the Horizontal Gaze Nystagmus (HGN) test, the walk-and-turn test, the nose-touch test, and the one-leg stand test.  McKenzie failed to successfully complete the HGN test because he was unable to follow directions.  McKenzie did not successfully complete the walk-and-turn test because he could not keep his balance.  He failed to successfully complete the nose-touch test because he touched parts of his face around his nose and could not follow directions. McKenzie also failed to successfully complete the one-leg stand test.  McKenzie lost his balance and stumbled a few times in the process of attempting to perform the tests.  

McKenzie told Officer Sandlin that he had consumed two beers, and the officers found an open, cold can of beer in McKenzie’s vehicle after they took him into custody.  
Officer Sandlin transported McKenzie to the Haltom City Jail, where McKenzie refused to provide a breath sample.  Officer Brooks’s in-car video recorder captured the events as they occurred from the time that he arrived on the scene, but Officer Sandlin’s video recorder malfunctioned.  

McKenzie pleaded not guilty to the offense of felony DWI.  At trial, the parties stipulated that McKenzie had two prior convictions for DWI—a 1996 DWI and felony repetition conviction and a 1995 DWI misdemeanor repetition conviction.  Officer Sandlin testified and opined that McKenzie had lost the use of his physical and mental faculties and that he was intoxicated by reason of his consumption of alcohol.  Jeffery Masters, an acquaintance of McKenzie’s, testified that he helped his next door neighbor, Xavier, work on a car in Xavier’s driveway from around 12:00 p.m. to 6:00 p.m. on February 2, 2003.  According to Masters, McKenzie, also a friend of Xavier, spent much of the day working on his truck outside of Xavier’s residence too. 
 
Masters testified that he never saw McKenzie consume any alcoholic beverages while McKenzie was at Xavier’s residence. 

McKenzie testified that he did not consume any alcoholic beverages that day and that he did not recall telling Officer Sandlin that he had consumed any alcoholic beverages earlier in the day.  McKenzie denied that he had any beer in his car, contrary to the officer’s testimony of finding an open can of beer in McKenzie’s vehicle.  But he admitted that only he had access to his vehicle.  McKenzie did not deny pulling out in front of Officer Sandlin’s vehicle, but he explained that his cell phone fell out of the visor as he was driving, that he reached down to pick it up, and that he saw Officer Sandlin’s police cruiser approaching as soon as he looked up.  McKenzie testified that a normal work day for him begins around 4:00 a.m. and ends around 9:00 p.m. and that he performed poorly on the sobriety tests because he was tired and worn out and because he had broken his leg when he was younger.  On cross-examination, the State attacked McKenzie’s credibility by questioning him about a 1997 conviction for felony DWI, a 1996 conviction for credit card abuse, a 1995 conviction for misdemeanor theft, and two 1991 convictions for misdemeanor theft. 

III.  Legal and Factual Sufficiency

In his first and second points, McKenzie argues that the evidence is legally and factually insufficient to prove that he did not have the normal use of his mental or physical faculties.  In his third and fourth points, McKenzie argues that the evidence is legally and factually insufficient to prove that he introduced alcohol into his body.  The State responds that the evidence is both legally and factually sufficient to support the conviction. 

A.  Standards of Review

In reviewing the legal sufficiency of the evidence to support a conviction, we view all the evidence in the light most favorable to 
the verdict in order to determine whether any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.  
Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Hampton v. State
, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).

This standard gives full play to the responsibility of the trier of fact to resolve conflicts in the testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.  The trier of fact is the sole judge of the weight and credibility of the evidence.  
See
 Tex. Code Crim. Proc. Ann.
 art. 38.04 (Vernon 1979); 
Margraves v. State
, 34 S.W.3d 912, 919 (Tex. Crim. App. 2000).  Thus, when performing a legal sufficiency review, we may not re-evaluate the weight and credibility of the evidence and substitute our judgment for that of the fact finder.  
Dewberry v. State
, 4 S.W.3d 735, 740 (Tex. Crim. App. 1999), 
cert. denied
, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the evidence in favor of the verdict.  
Curry v. State
, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).

In contrast, when reviewing the factual sufficiency of the evidence to support a conviction, we are to view all the evidence in a neutral light, favoring neither party.  
See Zuniga v. State
, 144 S.W.3d 477, 481 (Tex. Crim. App. 2004).  The only question to be answered in a factual sufficiency review is whether, considering the evidence in a neutral light, the fact finder was rationally justified in finding guilt beyond a reasonable doubt.  
Id
. at 484.  There are two ways evidence may be factually insufficient:  (1) when the evidence supporting the verdict or judgment, considered by itself, is too weak to support the finding of guilt beyond a reasonable doubt; or (2) when there is evidence both supporting and contradicting the verdict or judgment and, weighing all of the evidence, the contrary evidence is so strong that guilt cannot be proven beyond a reasonable doubt.  
Id
. at 484-85.  “This standard acknowledges that evidence of guilt can ‘preponderate’ in favor of conviction but still be insufficient to prove the elements of the crime beyond a reasonable doubt.”  
Id
. at 485.  In other words, evidence supporting a guilty finding can outweigh the contrary proof but still be insufficient to prove the elements of an offense beyond a reasonable doubt.  
Id
.    

In performing a factual sufficiency review, we are to give deference to the fact finder’s determinations, including determinations involving the credibility and demeanor of witnesses.  
Id.
 at 481; 
Cain v. State
, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the fact finder’s.  
Zuniga, 
144 S.W.3d at 482.  

A proper factual sufficiency review requires an examination of all the evidence.  
Id
. at 484, 486-87.  An opinion addressing factual sufficiency must include a discussion of the most important and relevant evidence that supports the appellant’s complaint on appeal.  
Sims v. State
, 99 S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Felony DWI

The penal code provides that a person commits the offense of driving while intoxicated if the person is intoxicated while operating a motor vehicle in a public place.  
Tex. Penal Code Ann.
 § 49.04 (Vernon 2003).  A person may be charged with felony DWI if the person has two previous convictions for DWI. 
Id
. § 49.09(b) (Vernon Supp. 2005).  “Intoxicated” is partially defined as “not having the normal use of mental or physical faculties by reason of the introduction of alcohol.”  
Id
. § 49.01(2) (Vernon 2003).

C.  Normal Use of Mental or Physical Faculties

The evidence shows that Officer Sandlin nearly collided with McKenzie because McKenzie was driving his vehicle on the wrong side of the street.  Upon exiting his vehicle, McKenzie stumbled into the street, causing another vehicle to brake hard in order to avoid hitting him.  McKenzie had difficulty standing, he slurred his speech, and he smelled of alcohol.  McKenzie failed to successfully complete the HGN test, the walk-and-turn test, the nose-touch test, and the one-leg stand test.  We have reviewed State’s Exhibit 5, the videotape from Officer Brooks’s police cruiser.  The videotape shows McKenzie stumble and lose his balance while in the process of attempting to perform the field sobriety tests.  Officer Sandlin opined that McKenzie had lost the normal use of his mental or physical faculties. 

McKenzie argues that the evidence is legally insufficient because there is no evidence detailing the nature of his normal mental or physical faculties and because the sobriety tests are too subjective.  The State, however, is not required to show what McKenzie’s normal mental or physical faculties are.  
See Fogle v. State
, 988 S.W.2d 891, 894 (Tex. App.—Fort Worth 1999, pet. ref’d).  And the subjectivity of the sobriety tests—whether McKenzie satisfactorily completed the tests or failed to complete the tests—is offset significantly, if not entirely, by the jury’s viewing of the videotape, thus giving them an opportunity to observe McKenzie’s performance of the tests for themselves.

McKenzie argues that the evidence is factually insufficient because “the record contains multiple conflicts in the state’s evidence” regarding the reasons for his performance on the field sobriety tests and Master’s and McKenzie’s testimony that McKenzie had not been drinking alcoholic beverages that day. The fact finder, however, may choose to believe all, some, or none of any witness’s testimony, and a reviewing court must give deference to the fact finder’s determinations involving the credibility and demeanor of witnesses.
  
Zuniga
, 144 S.W.3d at 481; 
Sharp v. State
, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).
  In this case, the jury chose to disbelieve McKenzie’s testimony that his lack of sleep and previous leg injury caused him to perform poorly on the field sobriety tests.  
Moreover, Masters testified that he did not see McKenzie leave Xavier’s house that night, that he did not know when McKenzie left Xavier’s house, and that it is possible that McKenzie consumed alcohol that day but that he did not notice it.  We also note that this argument goes to whether McKenzie introduced alcohol into his body—not whether he lost the normal use of his mental or physical faculties.

Viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt
 that McKenzie lost the normal use of his mental or physical faculties.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.
  Also, viewing the evidence in a neutral light, favoring neither party, we hold that the fact finder was rationally justified in finding beyond a reasonable doubt
 that McKenzie lost the normal use of his mental or physical faculties
; 
the evidence supporting the verdict, considered by itself, is not too weak to support the finding of guilt beyond a reasonable doubt, and, weighing all of the evidence, the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 484-85.  Accordingly, we hold that the evidence is both legally and factually sufficient to prove that McKenzie lost the normal use of his mental or physical faculties.  
See Mills v. State
, 99 S.W.3d 200, 204 (Tex. App.—Fort Worth 2002, pet. ref’d) (holding evidence factually sufficient to support DWI conviction when evidence showed that odor of alcohol emanated from appellant’s mouth, appellant’s eyes were red and glassy, appellant was unsteady, and appellant failed all three field sobriety tests, admitted to drinking, and refused to take a breath test).  We overrule McKenzie’s first and second points.

D.  Introduction of Alcohol Into Body

The evidence pertinent to McKenzie’s third and fourth points shows that Officers Sandlin and Brooks detected the odor of alcohol on McKenzie during the stop, that the officers found an open, cold can of beer in McKenzie’s vehicle (which State’s Exhibit 5 shows one of the officers pouring out onto the ground), and that McKenzie told Officer Sandlin that he had consumed two beers earlier.  Officer Sandlin further testified that McKenzie’s intoxication was, in his opinion, caused by alcohol. 
 
McKenzie argues that the evidence is legally insufficient because his eyes were not bloodshot and because there was no evidence to establish that the beer can found in his truck belonged to him since the trial court sustained an objection asserted by McKenzie arguing the same. However, although neither officer testified that McKenzie’s eyes were bloodshot, they did testify that he had difficulty standing, that he slurred his speech, and that he smelled of alcohol.  State’s Exhibit 5 even shows McKenzie stumble and lose his balance on a few occasions.  Furthermore, notwithstanding the trial court’s ruling sustaining an objection to Officer Sandlin’s testimony speculating that the beer can found in McKenzie’s vehicle belonged to McKenzie, the jury nonetheless heard evidence that McKenzie smelled of alcohol, that he was driving his truck, that he was driving alone, and that he told Officer Sandlin that he had been drinking.

McKenzie argues that the evidence is factually insufficient because the short interval between the time McKenzie quit working on his vehicle and the time Officer Sandlin stopped him is “not consistent with Appellant’s alleged consumption of alcohol.”  As stated above, however, the jury was entitled to resolve this conflict in the evidence against McKenzie, which it did, and we must defer to the jury’s rejection of McKenzie’s testimony.  
Zuniga, 
144 S.W.3d at 481-82.

Thus, viewing the evidence in the light most favorable to the verdict, we hold that a rational trier of fact could have found beyond a reasonable doubt that McKenzie was intoxicated from the introduction of alcohol into his body.  
Jackson
, 443 U.S. at 319, 99 S. Ct. at 2789.
  Also, viewing the evidence in a neutral light, favoring neither party, we hold that the fact finder was rationally justified in finding beyond a reasonable doubt
 that McKenzie introduced alcohol into his body
; 
the evidence supporting the verdict, considered by itself, is not too weak to support the finding of guilt beyond a reasonable doubt, and, weighing all of the evidence, the contrary evidence is not so strong that guilt cannot be proven beyond a reasonable doubt.  
See Zuniga
, 144 S.W.3d at 484-85.  Accordingly, we hold that the evidence is both legally and factually sufficient to prove that McKenzie was intoxicated because he introduced alcohol into his body.  
See Fogle
, 988 S.W.2d at 893 (holding evidence legally sufficient to support jury’s finding that Appellant was intoxicated from the introduction of alcohol into his body).  We overrule McKenzie’s third and fourth points.

IV.  Conclusion

Having overruled all of McKenzie’s points, we affirm the trial court’s judgment.

ANNE GARDNER

JUSTICE

PANEL B: LIVINGSTON, HOLMAN, and GARDNER, JJ.

DO NOT PUBLISH

Tex. R. App. P.
 47.2(b)

DELIVERED:  February 23, 2006

FOOTNOTES
1:
See 
Tex. R. App. P. 
47.4.