COURT
OF APPEALS

                                       SECOND
DISTRICT OF TEXAS

                                                   FORT
WORTH

 

 

                                        NO.
 2-04-170-CR

 

 

THOMAS EARL MCKENZIE                                                    APPELLANT

 

                                                   V.

 

THE STATE OF TEXAS                                                                STATE

 

                                              ------------

 

        FROM
CRIMINAL DISTRICT COURT NO. 2 OF TARRANT COUNTY

 

                                              ------------

 

                                MEMORANDUM
OPINION[1]

 

                                              ------------

I.  Introduction








A jury convicted Appellant
Thomas Earl McKenzie of felony driving while intoxicated (DWI).  The trial court, after having accepted
McKenzie=s plea of true to the habitual offender notice, sentenced him to
thirty-five years=
confinement.  In four points, McKenzie
challenges the legal and factual sufficiency of the evidence to support the
conviction.  We will affirm.

II.  Factual and Procedural Background

Officer Michael Sandlin of
the Haltom City Police Department was
patrolling Belknap Street around 7:00 p.m. on February 2, 2003.  Traveling eastbound, Officer Sandlin took his
eyes off of the road for a brief moment in order to check his on-board
computer, and when he looked up, he observed the headlights of a vehicle
traveling westbound in his lane heading directly for him. Officer Sandlin
swerved onto the right shoulder to avoid colliding with the vehicle, made a
u-turn, and observed the vehicle continuing to travel partially in the wrong
lane of traffic.  He activated his
emergency lights, stopped the vehicle, and detected the odor of beer upon
approaching the driver, later identified as McKenzie.  Officer Sandlin asked McKenzie to exit his
vehicle, at which point McKenzie momentarily stumbled into traffic, which
caused an oncoming vehicle to brake hard in order to avoid hitting
McKenzie.  








Officer Philip Brooks arrived
shortly thereafter to assist Officer Sandlin. Officer Brooks smelled the odor
of alcohol on McKenzie and observed that he had difficulty standing and that he
slurred his speech.  Officers Brooks and
Sandlin administered a number of field sobriety tests, which included the
Horizontal Gaze Nystagmus (HGN) test, the walk-and-turn test, the nose-touch
test, and the one-leg stand test. 
McKenzie failed to successfully complete the HGN test because he was
unable to follow directions.  McKenzie
did not successfully complete the walk-and-turn test because he could not keep
his balance.  He failed to successfully
complete the nose-touch test because he touched parts of his face around his
nose and could not follow directions. McKenzie also failed to successfully
complete the one-leg stand test. 
McKenzie lost his balance and stumbled a few times in the process of
attempting to perform the tests.  

McKenzie told Officer Sandlin
that he had consumed two beers, and the officers found an open, cold can of
beer in McKenzie=s vehicle
after they took him into custody. 
Officer Sandlin transported McKenzie to the Haltom City Jail, where
McKenzie refused to provide a breath sample. 
Officer Brooks=s in-car
video recorder captured the events as they occurred from the time that he
arrived on the scene, but Officer Sandlin=s video recorder malfunctioned. 









McKenzie pleaded not guilty
to the offense of felony DWI.  At trial,
the parties stipulated that McKenzie had two prior convictions for DWICa 1996 DWI and felony repetition conviction and a 1995 DWI misdemeanor
repetition conviction.  Officer Sandlin
testified and opined that McKenzie had lost the use of his physical and mental
faculties and that he was intoxicated by reason of his consumption of
alcohol.  Jeffery Masters, an
acquaintance of McKenzie=s, testified
that he helped his next door neighbor, Xavier, work on a car in Xavier=s driveway from around 12:00 p.m. to 6:00 p.m. on February 2,
2003.  According to Masters, McKenzie,
also a friend of Xavier, spent much of the day working on his truck outside of
Xavier=s residence too.  Masters testified that he never saw
McKenzie consume any alcoholic beverages while McKenzie was at Xavier=s residence. 








McKenzie testified that he
did not consume any alcoholic beverages that day and that he did not recall
telling Officer Sandlin that he had consumed any alcoholic beverages earlier in
the day.  McKenzie denied that he had any
beer in his car, contrary to the officer=s testimony of finding an open can of beer in McKenzie=s vehicle.  But he admitted that
only he had access to his vehicle. 
McKenzie did not deny pulling out in front of Officer Sandlin=s vehicle, but he explained that his cell phone fell out of the visor
as he was driving, that he reached down to pick it up, and that he saw Officer
Sandlin=s police cruiser approaching as soon as he looked up.  McKenzie testified that a normal work day for
him begins around 4:00 a.m. and ends around 9:00 p.m. and that he performed
poorly on the sobriety tests because he was tired and worn out and because he
had broken his leg when he was younger. 
On cross-examination, the State attacked McKenzie=s credibility by questioning him about a 1997 conviction for felony
DWI, a 1996 conviction for credit card abuse, a 1995 conviction for misdemeanor
theft, and two 1991 convictions for misdemeanor theft. 

III.  Legal and Factual Sufficiency

In his first and second
points, McKenzie argues that the evidence is legally and factually insufficient
to prove that he did not have the normal use of his mental or physical
faculties.  In his third and fourth points,
McKenzie argues that the evidence is legally and factually insufficient to
prove that he introduced alcohol into his body. 
The State responds that the evidence is both legally and factually
sufficient to support the conviction. 

A.  Standards of Review

In reviewing the legal
sufficiency of the evidence to support a conviction, we view all the evidence
in the light most favorable to the verdict in order to determine whether any
rational trier of fact could have found the essential elements of the crime beyond
a reasonable doubt.  Jackson v.
Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); Hampton v.
State, 165 S.W.3d 691, 693 (Tex. Crim. App. 2005).








This standard gives full play
to the responsibility of the trier of fact to resolve conflicts in the
testimony, to weigh the evidence, and to draw reasonable inferences from basic
facts to ultimate facts.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789.  The
trier of fact is the sole judge of the weight and credibility of the
evidence.  See Tex. Code Crim. Proc. Ann. art. 38.04
(Vernon 1979); Margraves v. State, 34 S.W.3d 912, 919 (Tex. Crim. App.
2000).  Thus, when performing a legal
sufficiency review, we may not re-evaluate the weight and credibility of the
evidence and substitute our judgment for that of the fact finder.  Dewberry v. State, 4 S.W.3d 735, 740
(Tex. Crim. App. 1999), cert. denied, 529 U.S. 1131 (2000).  We must resolve any inconsistencies in the
evidence in favor of the verdict.  Curry
v. State, 30 S.W.3d 394, 406 (Tex. Crim. App. 2000).








In contrast, when reviewing
the factual sufficiency of the evidence to support a conviction, we are to view
all the evidence in a neutral light, favoring neither party.  See Zuniga v. State, 144 S.W.3d 477,
481 (Tex. Crim. App. 2004).  The only
question to be answered in a factual sufficiency review is whether, considering
the evidence in a neutral light, the fact finder was rationally justified in
finding guilt beyond a reasonable doubt. 
Id. at 484.  There are two
ways evidence may be factually insufficient: 
(1) when the evidence supporting the verdict or judgment, considered by
itself, is too weak to support the finding of guilt beyond a reasonable doubt;
or (2) when there is evidence both supporting and contradicting the verdict or
judgment and, weighing all of the evidence, the contrary evidence is so strong
that guilt cannot be proven beyond a reasonable doubt.  Id. at 484-85.  AThis standard acknowledges that evidence of guilt can >preponderate= in favor of
conviction but still be insufficient to prove the elements of the crime beyond
a reasonable doubt.@  Id. at 485.  In other words, evidence supporting a guilty
finding can outweigh the contrary proof but still be insufficient to prove the
elements of an offense beyond a reasonable doubt.  Id.  
        

In performing a factual
sufficiency review, we are to give deference to the fact finder=s determinations, including determinations involving the credibility
and demeanor of witnesses.  Id. at
481; Cain v. State, 958 S.W.2d 404, 407 (Tex. Crim. App. 1997).  We may not substitute our judgment for the
fact finder=s.  Zuniga, 144 S.W.3d at 482.  

A proper factual sufficiency
review requires an examination of all the evidence.  Id. at 484, 486-87.  An opinion addressing factual sufficiency
must include a discussion of the most important and relevant evidence that
supports the appellant=s complaint
on appeal.  Sims v. State, 99
S.W.3d 600, 603 (Tex. Crim. App. 2003).

B.  Felony DWI








The penal code provides that
a person commits the offense of driving while intoxicated if the person is
intoxicated while operating a motor vehicle in a public place.  Tex.
Penal Code Ann. ' 49.04
(Vernon 2003).  A person may be charged
with felony DWI if the person has two previous convictions for DWI. Id. ' 49.09(b) (Vernon Supp. 2005).  AIntoxicated@ is
partially defined as Anot having
the normal use of mental or physical faculties by reason of the introduction of
alcohol.@  Id. ' 49.01(2) (Vernon 2003).

C.  Normal Use of Mental or Physical Faculties

The evidence shows that
Officer Sandlin nearly collided with McKenzie because McKenzie was driving his
vehicle on the wrong side of the street. 
Upon exiting his vehicle, McKenzie stumbled into the street, causing
another vehicle to brake hard in order to avoid hitting him.  McKenzie had difficulty standing, he slurred
his speech, and he smelled of alcohol. 
McKenzie failed to successfully complete the HGN test, the walk-and-turn
test, the nose-touch test, and the one-leg stand test.  We have reviewed State=s Exhibit 5, the videotape from Officer Brooks=s police cruiser.  The videotape
shows McKenzie stumble and lose his balance while in the process of attempting
to perform the field sobriety tests. 
Officer Sandlin opined that McKenzie had lost the normal use of his
mental or physical faculties. 








McKenzie argues that the
evidence is legally insufficient because there is no evidence detailing the
nature of his normal mental or physical faculties and because the sobriety
tests are too subjective.  The State,
however, is not required to show what McKenzie=s normal mental or physical faculties are.  See Fogle v. State, 988 S.W.2d 891,
894 (Tex. App.CFort Worth
1999, pet. ref=d).  And the subjectivity of the sobriety testsCwhether McKenzie satisfactorily completed the tests or failed to
complete the testsCis offset
significantly, if not entirely, by the jury=s viewing of the videotape, thus giving them an opportunity to observe
McKenzie=s performance of the tests for themselves.

McKenzie argues that the
evidence is factually insufficient because Athe record contains multiple conflicts in the state=s evidence@ regarding
the reasons for his performance on the field sobriety tests and Master=s and McKenzie=s testimony
that McKenzie had not been drinking alcoholic beverages that day. The fact
finder, however, may choose to believe all, some, or none of any witness=s testimony, and a reviewing court must give deference to the fact
finder=s determinations involving the credibility and demeanor of
witnesses.  Zuniga, 144 S.W.3d at
481; Sharp v. State, 707 S.W.2d 611, 614 (Tex. Crim. App. 1986).  In this case, the jury chose to disbelieve
McKenzie=s testimony that his lack of sleep and previous leg injury caused him
to perform poorly on the field sobriety tests. 
Moreover, Masters testified that he did not see McKenzie leave Xavier=s house that night, that he did not know when McKenzie left Xavier=s house, and that it is possible that McKenzie consumed alcohol that day
but that he did not notice it.  We also
note that this argument goes to whether McKenzie introduced alcohol into his
bodyCnot whether he lost the normal use of his mental or physical
faculties.








Viewing the evidence in the
light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that McKenzie lost the normal use of
his mental or physical faculties.  Jackson,
443 U.S. at 319, 99 S. Ct. at 2789. 
Also, viewing the evidence in a neutral light, favoring neither party,
we hold that the fact finder was rationally justified in finding beyond a
reasonable doubt that McKenzie lost the normal use of his mental or physical
faculties; the evidence supporting the verdict, considered by itself, is not
too weak to support the finding of guilt beyond a reasonable doubt, and,
weighing all of the evidence, the contrary evidence is not so strong that guilt
cannot be proven beyond a reasonable doubt. 
See Zuniga, 144 S.W.3d at 484-85. 
Accordingly, we hold that the evidence is both legally and factually
sufficient to prove that McKenzie lost the normal use of his mental or physical
faculties.  See Mills v. State, 99
S.W.3d 200, 204 (Tex. App.CFort Worth 2002, pet. ref=d) (holding evidence factually sufficient to support DWI conviction
when evidence showed that odor of alcohol emanated from appellant=s mouth, appellant=s eyes were red and glassy, appellant was unsteady, and appellant
failed all three field sobriety tests, admitted to drinking, and refused to
take a breath test).  We overrule
McKenzie=s first and second points.

 








D.  Introduction of Alcohol Into Body

The evidence pertinent to
McKenzie=s third and fourth points shows that Officers Sandlin and Brooks detected
the odor of alcohol on McKenzie during the stop, that the officers found an
open, cold can of beer in McKenzie=s vehicle (which State=s Exhibit 5 shows one of the officers pouring out onto the ground),
and that McKenzie told Officer Sandlin that he had consumed two beers
earlier.  Officer Sandlin further
testified that McKenzie=s
intoxication was, in his opinion, caused by alcohol.  McKenzie argues that the evidence is
legally insufficient because his eyes were not bloodshot and because there was
no evidence to establish that the beer can found in his truck belonged to him
since the trial court sustained an objection asserted by McKenzie arguing the
same. However, although neither officer testified that McKenzie=s eyes were bloodshot, they did testify that he had difficulty
standing, that he slurred his speech, and that he smelled of alcohol.  State=s Exhibit 5 even shows McKenzie stumble and lose his balance on a few
occasions.  Furthermore, notwithstanding
the trial court=s ruling
sustaining an objection to Officer Sandlin=s testimony speculating that the beer can found in McKenzie=s vehicle belonged to McKenzie, the jury nonetheless heard evidence
that McKenzie smelled of alcohol, that he was driving his truck, that he was
driving alone, and that he told Officer Sandlin that he had been drinking.








McKenzie argues that the
evidence is factually insufficient because the short interval between the time
McKenzie quit working on his vehicle and the time Officer Sandlin stopped him
is Anot consistent with Appellant=s alleged consumption of alcohol.@  As stated above, however, the
jury was entitled to resolve this conflict in the evidence against McKenzie,
which it did, and we must defer to the jury=s rejection of McKenzie=s testimony.  Zuniga, 144
S.W.3d at 481-82.








Thus, viewing the evidence in
the light most favorable to the verdict, we hold that a rational trier of fact
could have found beyond a reasonable doubt that McKenzie was intoxicated from
the introduction of alcohol into his body. 
Jackson, 443 U.S. at 319, 99 S. Ct. at 2789.  Also, viewing the evidence in a neutral
light, favoring neither party, we hold that the fact finder was rationally
justified in finding beyond a reasonable doubt that McKenzie introduced alcohol
into his body; the evidence supporting the verdict, considered by itself, is
not too weak to support the finding of guilt beyond a reasonable doubt, and,
weighing all of the evidence, the contrary evidence is not so strong that guilt
cannot be proven beyond a reasonable doubt. 
See Zuniga, 144 S.W.3d at 484-85. 
Accordingly, we hold that the evidence is both legally and factually
sufficient to prove that McKenzie was intoxicated because he introduced alcohol
into his body.  See Fogle, 988 S.W.2d
at 893 (holding evidence legally sufficient to support jury=s finding that Appellant was intoxicated from the introduction of
alcohol into his body).  We overrule
McKenzie=s third and fourth points.

IV.  Conclusion

Having overruled all of
McKenzie=s points, we affirm the trial court=s judgment.

 

 

ANNE GARDNER

JUSTICE

 

PANEL B:   LIVINGSTON, HOLMAN, and GARDNER, JJ.

 

DO
NOT PUBLISH

Tex. R. App. P. 47.2(b)

 

DELIVERED:  February 23, 2006











[1]See Tex. R. App. P. 47.4.