Opinion issued October 14, 2010

 


 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 
 

 


In The

Court of
Appeals

For The

First District
of Texas

————————————

NO. 01-09-00805-CR

———————————

Victor RodriGuez Perez, Appellant

V.

The State of
Texas, Appellee



 



 

On Appeal from the 174th District Court


Harris County, Texas



Trial Court Case No. 1004555

 



MEMORANDUM
OPINION

A jury convicted appellant, Victor
Rodriguez Perez, of aggravated robbery with a deadly weapon and assessed
punishment at forty years’ confinement.  See Tex.
Penal Code Ann. § 29.03 (Vernon 2003).  In appellant’s two points of error, he
contends that (1) the trial court erred in admitting testimony regarding an
out-of-court photographic lineup because it impermissibly suggested appellant’s
identity and tainted a subsequent in-court identification and (2) the trial
court erred in overruling his trial counsel’s objection to the State’s closing
argument.  

We affirm.

BACKGROUND

On August 27, 2004, Milton Umanzor and his wife were in their
home when the doorbell rang. Umanzor opened the door and found appellant and
two other men at the door.  They stated
they were interested in working as painters for Umanzor.  When Umanzor informed appellant and the men
that he was not hiring, appellant and the men pushed open the door and forcibly
entered the house.  One of the men placed
a gun at Umanzor’s head and ordered him to cooperate or be shot.  Appellant and the men tied up Umanzor and his
wife, demanded money, and ransacked the house for valuable items.  After the men left, Umanzor untied himself and
his wife and called the police.  

Umanzor later identified the appellant as one of his
attackers in a photographic array prepared by the police.  He and his wife later testified at trial. The
State also presented testimony from City of Houston Police Officers B.
Muttathottil, D. Pena, J. Wood, and T. Scoggins, and former Officer P.
Saldivar.  Appellant did not present any
witnesses.  The jury convicted appellant of
aggravated robbery with a deadly weapon, and this appeal followed.

PRE-TRIAL
IDENTIFICATION

Appellant contends that the trial court denied his right of
due process under the Fourteenth Amendment of the United States Constitution
because the cumulative effect of the pretrial photo array and subsequent
in-court identification improperly influenced the jury.  Appellant argues the photo array was
impermissibly suggestive for the following reasons: (1) investigators told Umanzor
that the suspect was depicted in one of the photos in the lineup; (2) the
suspect was repeatedly shown in several different arrays; (3) the specific
photograph of the suspect was highlighted in a yellow color; and (4) the
suspect’s photo is the only one that has two earrings on the individual.

A.      Standard
of Review

We will uphold the trial court’s decision to admit the
identification unless the trial court clearly abused its discretion.  Allridge
v. State, 850 S.W.2d 471, 492 (Tex. Crim. App. 1991).  To challenge the admissibility of a pretrial
identification, an appellant has the burden to show, by clear and convincing
evidence and based on the totality of the circumstances, that (1) the pretrial
identification procedure was impermissibly suggestive; and (2) it created a
substantial likelihood of irreparable misidentification.  Barley
v. State, 906 S.W.2d 27, 33–34 (Tex. Crim. App. 1995) (citing Simmons v. United States, 390 U.S. 377,
88 S. Ct. 967 (1968)).

In determining the impermissible suggestiveness prong of the Barley test, we review the procedure to
determine whether suggestiveness was created by the manner in which the
pretrial identification procedure was conducted.  Id.
at 33.  For example, a police officer
might point out the suspect or suggest that the suspect’s photograph is
included in the specific array.  Id.  In addition, the content of a lineup or photo
array may be suggestive if the suspect is the only individual who closely
resembles the witness’s description.  Id.  An identification may be suggestive based upon
a single procedure or because of the cumulative effect of multiple procedures.  Id. 

If it is determined that the pre-trial identification
procedure was impermissibly suggestive, we then determine whether the procedure
created a “substantial likelihood of irreparable misidentification.”  Id.
at 34.  “The test is whether, considering
the totality of the circumstances, ‘the photographic identification procedure
was so impermissibly suggestive as to give rise to a very substantial
likelihood of irreparable misidentification.’”  Ibarra
v. State, 11 S.W.3d 189, 195 (Tex. Crim. App. 1999) (quoting Simmons, 390 U.S. at 384, 88 S. Ct. at
971).  Ultimately, “reliability [is the]
linchpin in determining the admissibility of identification testimony.”  Id.

The Court of Criminal Appeals has stated that “[t]he
following five non-exclusive factors should be weighed against the corrupting
effect of a suggestive identification procedure in assessing reliability under
the totality of the circumstances: (1) the opportunity of the witnesses to view
the criminal at the time of the crime; (2) the witnesses’ degree of attention;
(3) the accuracy of the witnesses’ prior description of the criminal; (4) the
level of certainty demonstrated by the witnesses at the confrontation, and (5)
the length of time between the crime and the confrontation.”  Luna v.
State, 268 S.W.3d 594, 605 (Tex. Crim. App. 2008) (citing Ibarra, 11 S.W.3d at 195).  The factors used to determine whether an
impermissibly suggestive identification procedure gives rise to a substantial
likelihood of irreparable misidentification are treated as historical issues of
fact and are viewed in the light most favorable to the trial court.  Loserth
v. State, 963 S.W.2d 770, 773–74 (Tex. Crim. App. 1998). 

The court does not consider whether the procedures created a
substantial likelihood for irreparable misidentification unless the court has
first determined that the procedures were impermissibly suggestive.  Barley,
906 S.W.2d at 33; Cantu v. State, 738
S.W.2d 249, 251–52 (Tex. Crim. App. 1987).  Therefore, we must first determine whether the
pretrial photo arrays containing appellant’s picture were impermissibly
suggestive.

 

B.      Analysis

Appellant first argues that the photographic array shown to Umanzor
was impermissibly suggestive because the officer conducting the procedure
informed Umanzor that a suspect appeared in the photo array.  However, “a lineup is not rendered
unnecessarily suggestive simply because the complainant is told that it
contains a suspect, because a complainant would normally assume that to be the
case.”  Harris v. State, 827 S.W.2d 949, 959 (Tex. Crim. App. 1992) (citing Webb v. State, 760 S.W.2d 263, 272
(Tex. Crim. App. App. 1988)).

Next, appellant contends that the procedure was impermissibly
suggestive because the suspect was repeatedly shown throughout the photo array.  Umanzor was shown twenty pages of photo
arrays with six photos on each page. The first time the police presented
Umanzor with a photograph of appellant, he correctly identified him.  Umanzor did not accuse any person of
committing the robbery until he turned to the page containing appellant’s
photograph.  Appellant points to Cantu v. State, where the court held
that “repeated showings of appellant’s picture in several arrays was
suggestive.”  738 S.W.2d at 252.  However, the situation in Cantu is distinguishable because the Cantu witness was shown photo
spreads on five separate occasions, with each separate procedure containing a
picture of the suspect and four other individuals.  Id.
at 251.  Here, Umanzor went through the
photo identification process only once.  In
addition, the court in Cantu stated
that while the procedure may have been suggestive, it was not impermissibly
suggestive so as to warrant exclusion.  Id. at 252.  Therefore, even if Umanzor was shown a photo
of the suspect more than once in a different photo array, that alone does
indicate impermissibly suggestive procedures.  See id.

Appellant next asserts that his photo was yellow in color,
thus making it stand out from the other photos.  The background of appellant’s photograph does
not appear to be so different and eye-catching as to be suggestive.  Moreover, even if the photograph had a darker
or lighter tint than other photographs in the array, that would not render the photo
array impermissibly suggestive.  See Giesberg v. State, 945 S.W.2d 120,
125–26 (Tex. App.—Houston [1st Dist.] 1996, pet. denied) (photo spread
permissible even though background of defendant’s photograph was darker than
other photographs).

Finally, appellant contends that his photograph is the only
photograph that has two earrings on the individual, and his photograph is
therefore too dissimilar from the others.  However, the State need not produce identical
subjects in the photo array to avoid violating appellant’s due process rights.  See
Buxton v. State, 699 S.W.2d 212, 216 (Tex. Crim. App. 1985).  Furthermore, there is no evidence in the
record that Umanzor noted the presence or absence of earrings in his suspect report
or that he based his identification on that feature.  

During the first and only photo identification process,
Umanzor identified appellant quickly and with absolute certainty.  We hold that appellant did not meet his
threshold burden to present clear and convincing evidence of a totality of
circumstances showing that the pre-trial photo array was impermissibly
suggestive.  See Barley, 906 S.W.2d at
34–35
(holding that cumulative photograph identification procedure may have been
suggestive, but not impermissibly so).  Accordingly,
we need not address whether the procedures used to identify appellant presented
a likelihood of misidentification.  See id.
at 33.

We overrule appellant’s first point
of error. 

CLOSING ARGUMENT

In his second point of error, appellant contends that the
trial court erred by overruling his objection to a portion of the prosecutor’s
closing argument.

A.      Standard
of Review

To preserve a complaint for appellate review, a defendant
must raise the complaint to the trial judge by a timely request, objection, or
motion that specifically states the grounds for the ruling sought.  Wilson
v. State, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002); Tex. R. App. P. 33.1(a)(1)(A).  A defendant’s appellate contention must
comport with the objection made at trial.  Wilson,
71 S.W.3d at 349.  During the State’s
closing argument, the prosecutor said, “We also talked about some of the rights
the defendant had—the defendant has.  Excuse
me.  One of those rights being the
subpoena power.”  The defense counsel
immediately objected to the statement as an “improper argument” and an
“indirect comment on the defendant’s failure to testify and the failure to
present evidence.” 

B. Analysis

A prosecutor may not comment on the failure of an accused to
testify.  Such comment violates the
privilege under the Fifth Amendment of the United States Constitution and
Article I, § 10, of the Texas Constitution against self-incrimination and the
freedom from being compelled to testify against oneself. Griffin v.
California, 380 U.S. 609, 612–15
(1965); Bustamante v. State, 48 S.W.3d 761, 764 (Tex. Crim. App. 2001); see
also Tex. Code Crim. Proc. Ann.
art. 38.08 (Vernon 2005). “To violate the right against self-incrimination, the
offending language must be viewed from the jury’s standpoint and the
implication that the comment referred to the defendant’s failure to testify
must be clear.”  Bustamante, 48
S.W.3d at 765.  It is not sufficient if
the comment “might be construed as an implied or indirect allusion.” Id.
The “test is whether the language used was manifestly intended or was of such a
character that the jury would necessarily and naturally take it as a comment on
the defendant's failure to testify.” Id.

We conclude that the trial court did not abuse its
discretion by overruling appellant’s objection because the argument referred to
the power to compel witnesses; it did not comment on appellant’s failure to
present his own testimony. See Fogle v. State, 988 S.W.2d 891, 895 (Tex.
App.—Fort Worth 1999, pet. ref’d) (noting defendant need not subpoena himself
to testify). We cannot say that the prosecutor’s remarks “naturally and
necessarily” referred to appellant’s failure to testify or were “manifestly
intended” to carry such an impression to the jury. Livingston v. State,
739 S.W.2d 311, 338 (Tex. Crim. App. 1987).

Accordingly, we overrule appellant’s second point of error.

CONCLUSION

We affirm the trial court’s judgment.

 

 

 

 

Sherry Radack

                                                                   Chief
Justice 

 

Panel
consists of Chief Justice Radack and Justices Massengale and Nuchia.[1]

Do
not publish.  See Tex. R. App. P. 47.2(b).











[1]               The Honorable Sam
Nuchia, Senior Justice, Court of Appeals for the First District

 of Texas, participating by assignment.