Mervin REAGAN, Appellant,

v.

The STATE of Texas, Appellee.

No. 06–97–00174–CR.

Court of Appeals of Texas,
Texarkana.

Argued April 3, 1998.

Decided April 30, 1998.

Earl R. Waddell, III, Fort Worth, Bruce Ashworth, Arlington, for appellant.

Curtis James Jenkins, Asst. Criminal Dist. Atty., Fort Worth, for appellee.

Before CORNELIUS, C.J., and GRANT and ROSS, JJ.

## OPINION

ROSS, Justice.

Mervin Reagan appeals from his conviction for driving while intoxicated. He was convicted in a jury trial, and the court assessed punishment of ninety days' confinement, probated for twelve months, and a $750.00 fine. Reagan contends that the trial court erred by admitting evidence, and that the evidence is legally and factually insufficient to support his conviction. The conviction is affirmed.

Reagan was pulled over by a police officer who had seen him drift over a divider onto the shoulder of a highway and change lanes

without signalling. The officer testified that Reagan smelled of alcohol and that he was unable to adequately perform various sobriety tests. The officer then arrested Reagan for driving while intoxicated. No breath or blood test was administered.

Reagan first contends that the evidence is legally and factually insufficient to support his conviction. In our review of the legal sufficiency of the evidence, we employ the standards set forth in *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S.Ct. 2781, 2789, 61 L.Ed.2d 560, 573 (1979), and *Geesa v. State*, 820 S.W.2d 154 (Tex.Crim.App.1991), and look to see whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt. In our review of the factual sufficiency of the evidence, we view all the evidence and set aside the verdict only if it is so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust. *Jones v. State*, 944 S.W.2d 642, 647 (Tex.Crim.App.1996); *Clewis v. State*, 922 S.W.2d 126, 129 (Tex. Crim.App.1996). Examples of such a wrong and unjust verdict include instances in which the jury's finding is manifestly unjust, shocks the conscience, or clearly demonstrates bias. *Clewis*, 922 S.W.2d at 135. If we find factual insufficiency, we vacate the conviction and remand for a new trial. *Jones*, 944 S.W.2d at 648; *Clewis*, 922 S.W.2d at 133–135.

In determining the sufficiency of the evidence, this Court must consider all the evidence, whether properly or improperly admitted. *Johnson v. State*, 871 S.W.2d 183, 186 (Tex.Crim.App.1993); *Beltran v. State*, 728 S.W.2d 382, 389 (Tex.Crim.App.1987).

Reagan contends that the evidence is insufficient because (1) there is nothing in the record to show what his "normal" mental and physical faculties were; thus, there is no way that the jury could determine whether the evidence showed that he did not have normal use of his faculties; (2) his driving did not reflect any loss of his faculties; (3) the sobriety tests performed at the scene do not necessarily show a loss of his faculties; and

(4) the videotape did not show any loss of his faculties.

■ Reagan has not provided any authority to support his position that the State must prove the "normal" faculties of a defendant before proving that the faculties that were normal for that particular person were impaired by the use of alcohol. As pointed out by the State, this precise argument was presented to the Dallas Court of Appeals in 1988, which dealt with the contention in this manner:

> In his second point of error appellant contends the evidence was insufficient because there is no evidence of appellant's normal use of his faculties and thus no proof that he lost his normal use of them as alleged in the information. We do not construe an allegation that appellant did not have normal use of his mental and physical faculties the same as an allegation that appellant did not have his normal use of his faculties. The former allegation does not require proof of the defendant's normal abilities. Rather, it means that the faculties which must be tested belong to appellant. If there was evidence that appellant could not use his faculties on the occasion in question, in the manner in which the normal non-intoxicated person would be able to use his faculties, the evidence is sufficient to convict him unless the jury finds that his inability to perform on that occasion is not due to intoxicants (e.g. diabetes; epilepsy).

*Massie v. State*, 744 S.W.2d 314, 316 (Tex. App.-Dallas 1988, pet. ref'd). The reasoning set forth in that opinion is persuasive, and we agree that this is the proper way of dealing with this contention.

Reagan correctly states that the arresting officer did not describe his driving as being excessively poor. That fact tends to show that he was not intoxicated to the degree that his faculties were impaired, but is not conclusive.

The arresting officer testified that he asked Reagan to perform the heel and toe walk and turn test[1] and the one-leg stand

---

1. This test consists of the suspect taking nine steps down a line heel to toe, turning, and re-

test,[2] and testified that Reagan did not properly complete either test. He further testified that Reagan smelled of alcohol and admitted consuming "a couple of drinks," had bloodshot, watering, and dilated eyes, and that his speech was slurred. The officer also testified that he administered the horizontal gaze nystagmus (HGN) test,[3] and that Reagan failed the test.

The State also listed Reagan's refusal to submit a breath specimen for analysis and his refusal to perform field sobriety tests on videotape as evidence that supports the conviction. Although such a refusal would not prove guilt, his refusals may have eliminated a potential source of evidence disproving the State's case. *See Perkins v. State*, 940 S.W.2d 365 (Tex.App.-Waco 1997, pet. granted) (court held that videotape conclusively demonstrated appellant was not intoxicated).

Under Section 49.04 of the Texas Penal Code, "[a] person commits an offense if the person is intoxicated while operating a motor vehicle in a public place." TEX. PENAL CODE ANN. § 49.04(a) (Vernon Supp.1998). "Intoxicated" means:

(A) not having the normal use of mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body; or

(B) having an alcohol concentration of 0.10 or more.

TEX. PENAL CODE ANN. § 49.01(2) (Vernon 1994).

Reagan did not submit to any scientific means of determining his level of alleged intoxication. He was charged and convicted pursuant to Section 49.01(2)(A) above in that he did not have the "normal use of [his] mental or physical faculties."

The first question is whether the evidence is legally sufficient. The evidence supporting the verdict consists of:(1) slurred speech; (2) red eyes; (3) odor of alcohol; (4) balance difficulties; and (5) inability to complete the HGN test. This constitutes some evidence to support the verdict; thus, the legal challenge must fail. In light of this evidence, and in the absence of any evidence to the contrary, we also cannot say that the jury's conclusion was so contrary to the overwhelming weight of the evidence as to be clearly wrong and unjust.

Reagan next contends that the trial court erred by admitting evidence of the HGN test because a proper predicate was not laid for its admission.

For testimony concerning a defendant's performance on the HGN test to be admissible, it must be shown that the witness testifying is qualified as an expert on the HGN test, specifically concerning its administration and technique. In the case of a police officer or other law enforcement official, this requirement will be satisfied by proof that the officer has received practitioner certification by the State of Texas to administer the HGN. A witness qualified as an expert on the administration and technique of the HGN test may testify concerning a defendant's performance on the HGN test, . . . .

*Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim.App.1994).

Reagan argues on appeal that the witness was not shown to be properly qualified to testify about his reaction to the test, that the officer failed to follow the proper procedures for the test, and that he failed to conduct the required pretest screening (which is designed to eliminate other factors that would contribute to nystagmus—other

turning, while keeping his arms at his side. This test has nine clues for which the officer looks. Reagan exhibited three, by not touching heel to toe, losing balance, and using his arms for balance.

2. In this test, the suspect is asked to stand on one foot, with the other foot about six inches above the ground and, while looking at his foot, count to thirty. In this case, the officer testified that Reagan exhibited four of five clues by swaying

while balancing, using his arms to balance, putting his foot down, and by putting his foot down three or more times.

3. When administering the HGN test, the officer asks the suspect to follow, with his eyes only, an object moved from side to side in front of the suspect. If the suspect is intoxicated, typically his eyes will appear to flutter or jerk and he will not be able to track the motion of the object.

drugs, neurological disorders, and brain damage). As pointed out by the State, at the trial he only contended that the officer was not shown to be qualified to testify. Before a contention can be raised on appeal, it must have been raised at trial by objection. Error is not preserved for review if it varies from the objection. *Harris v. State*, 827 S.W.2d 949, 957–58 (Tex.Crim.App.1992); *Rezac v. State*, 782 S.W.2d 869, 870 (Tex.Crim.App. 1990). Thus, Reagan may not now raise the additional arguments, and our review is restricted to the complaint that he brought to the trial court's attention.

■ The Texas Court of Criminal Appeals has held that HGN testimony is admissible if the officer is qualified as an expert and has further stated that such expertise is shown if the officer is certified by the State to administer the test.[4] The officer testified that he was so certified. Reagan suggests that such a statement by the officer is insufficient and that some form of written document confirming his certification must be presented to the court. He has provided no authority supporting this position.

We review the trial court's decision to admit or exclude evidence under an abuse of discretion standard. *See Green v. State*, 934 S.W.2d 92, 101–02 (Tex.Crim.App.1996), *cert. denied*, —— U.S. ——, 117 S.Ct. 1561, 137 L.Ed.2d 707 (1997); *Montgomery v. State*, 810 S.W.2d 372, 379–80 (Tex.Crim.App.1990). We will not reverse a trial court whose ruling was within the "zone of reasonable disagreement." *Green*, 934 S.W.2d at 102; *Montgomery*, 810 S.W.2d at 391 (opinion on reh'g). We find that the determination of the sufficiency of the predicate to authorize admission of this evidence lies within the discretionary decisional power of the trial court. No error has been shown.

■ Reagan next contends that the trial court erred by allowing the officer to testify that he called the officer obscene names. He contends that the court erred in admitting the testimony about his obscene expostulation because it was irrelevant. The demeanor of a defendant upon being confronted by a peace officer, however, may provide some evidence of his intoxication. *Daricek v. State*, 875 S.W.2d 770, 772–73 (Tex.App.-Austin 1994, pet. ref'd). Indeed, the initial indication of intoxication often comes from a suspect's demeanor. *See Chadwick v. State*, 766 S.W.2d 819, 821 (Tex.App.-Dallas 1988), *aff'd*, 795 S.W.2d 177 (Tex.Crim.App.1990).

However, we need not rely upon this conclusion, because counsel did not object on this basis at trial. When the testimony was offered, counsel objected because the statement was the product of illegal custodial interrogation. For a contention to be raised on appeal—it must have been raised at trial by objection. Error is not preserved for review if it varies from the objection. *Harris*, 827 S.W.2d at 957–58; *Rezac v. State*, 782 S.W.2d at 870. Thus, Reagan may not now raise his contention of irrelevance for review. This point of error is overruled.

We affirm the judgment of the trial court.

---

4. *Emerson v. State*, 880 S.W.2d 759, 769 (Tex. Crim.App.1994).