MOORE V. STATE

COURT OF APPEALS

SECOND DISTRICT OF TEXAS

FORT WORTH

NO. 2-02-197-CR

WILLIAM HUE MOORE, JR. APPELLANT

V.

THE STATE OF TEXAS STATE

------------

FROM THE 213
TH
 DISTRICT COURT OF TARRANT COUNTY

------------

MEMORANDUM OPINION
(footnote: 1)

------------

Appellant William Hue Moore, Jr. was convicted of felony driving while intoxicated (DWI).  
See
 
Tex. Penal Code Ann
. § 49.04(a) (Vernon 2003).  In two points, appellant contends that the evidence is legally and factually insufficient to support his conviction.  We affirm.

Factual Background

On October 4, 2001 at approximately 8 p.m., Officer Mike Standard noticed an oncoming car.  When the driver tried to turn the car, it appeared that the driver lost control.  Officer Standard swerved to avoid a head-on collision and was forced off the roadway.  After seeing that the driver of the other car was not going to stop, Officer Standard made a U-turn, activated his emergency lights, and pulled the driver over.  When Officer Standard approached the vehicle and asked the driver for identification, he smelled a moderate odor of alcohol on the driver’s breath.  
Officer Standard further observed that the driver’s speech was somewhat slurred, and his eyes appeared bloodshot and heavy.  He asked the driver to exit the car so that he could perform some field sobriety tests.

Appellant first performed the walk-and-turn test.
 
 Appellant had difficulty following the directions and maintaining his balance.  Another officer had to catch him at one point before he fell over.  Officer Standard gave appellant three opportunities to perform the test in different areas; however, appellant never successfully completed the test.  Officer Standard next asked appellant to perform the one-leg stand test, but appellant informed him that he had metal and pins in his right leg and could not perform the test.  Appellant was unable to recite the alphabet in sequence from F to V or count backwards from eighty-six to sixty-eight.  During the nose-touch test, appellant failed to touch his nose with either index finger and swayed when his eyes were closed.  Appellant even told Officer Standard that he did not think he should be driving.  

After assessing the totality of the circumstances and determining that appellant was driving while intoxicated, Officer Standard arrested appellant.  Approximately an hour and a half after the initial stop, Officer Standard transported appellant to the police station, where he again performed the sobriety tests.  Appellant performed better on the tests at the station. 
 Appellant’s performances of the field and station sobriety tests were videotaped and shown to the jury.

Appellant’s nephew, Dwight Wayne Rogers, Jr., testified that because of the metal and pins in appellant’s legs, he often has trouble moving around until he loosens up.  He further testified that it was typical of appellant not to correctly say the sequence of the alphabet because “[h]e incorrectly does the sequence on a lot of things like that when he thinks he knows what it is.”

The jury convicted appellant of driving while intoxicated and sentenced him to eight years’ confinement and a two thousand dollar fine. 

Sufficiency of the Evidence

In two points, appellant argues that the evidence is legally and factually insufficient to support his DWI conviction.  The State responds that the evidence is both legally and factually sufficient.

Appellant tries to argue that the record contains no evidence, direct or circumstantial, that he lost the normal use of his mental or physical faculties.  The State, however, does not have to establish what the defendant's normal use of his faculties is in order to prove that he did not have normal use of his mental and physical faculties.  
Fogle v. State
 988 S.W.2d 891, 894  (Tex. App.—Fort Worth 1999, pet. ref’d); 
Reagan v. State, 
968 S.W.2d 571, 572 (Tex. App.—Texarkana 1998, pet. ref'd)
; Massie v. State
, 744 S.W.2d 314, 316 (Tex. App.—Dallas 1988, pet. ref'd).  Accordingly, applying the appropriate standards of review,
(footnote: 2) we hold that the evidence is both legally and factually sufficient to support the jury’s verdict.
(footnote: 3)

TERRIE LIVINGSTON

JUSTICE

PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH

Tex. R. App. P
. 47.2(b)

DELIVERED:  March 27, 2003

FOOTNOTES
1:
See
 
Tex. R. App. P
. 47.4.

2:
See Emery v. State
, 881 S.W.2d 702, 705 (Tex. Crim. App. 1994) (providing legal sufficiency standard of review), 
cert. denied
, 513 U.S. 1192 (1995); 
Narvaiz v. State
, 840 S.W.2d 415, 423 (Tex. Crim. App. 1992) (same), 
cert. denied
, 507 U.S. 975 (1993); 
Sims v. State
, No. 1328-01, slip op. at 37-38, 2003 WL 1060179, at *1 (Tex. Crim. App. March 12, 2003)
 (holding that 
a proper factual sufficiency review must include a discussion of the most important and relevant evidence that supports the appellant's complaint on appeal);
 Santellan v. State
, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing factual sufficiency standard of review); 
Clewis v. State
, 922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).

3:
See Jackson v. Virginia
, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789 (1979); 
Johnson v. State
, 23 S.W.3d 1, 7 (Tex. Crim. App. 2000); 
Clewis
, 922 S.W.2d at 134.