COURT OF APPEALS
SECOND DISTRICT OF TEXAS
FORT WORTH
NO. 2-02-197-CR
 
WILLIAM HUE MOORE, JR.                                                                     APPELLANT
V.
THE STATE OF TEXAS                                                                          
    STATE
------------
FROM THE 213
TH DISTRICT COURT OF
TARRANT COUNTY
------------
MEMORANDUM OPINION(1)
------------
Appellant William Hue Moore, Jr.
was convicted of felony driving while intoxicated (DWI). See Tex. Penal
Code Ann. § 49.04(a) (Vernon 2003). In two points, appellant contends that the
evidence is legally and factually insufficient to support his conviction. We
affirm.
Factual Background
On October 4, 2001 at approximately
8 p.m., Officer Mike Standard noticed an oncoming car. When the driver tried to
turn the car, it appeared that the driver lost control. Officer Standard swerved
to avoid a head-on collision and was forced off the roadway. After seeing that
the driver of the other car was not going to stop, Officer Standard made a
U-turn, activated his emergency lights, and pulled the driver over. When Officer
Standard approached the vehicle and asked the driver for identification, he
smelled a moderate odor of alcohol on the driver's breath. Officer Standard
further observed that the driver's speech was somewhat slurred, and his eyes
appeared bloodshot and heavy. He asked the driver to exit the car so that he
could perform some field sobriety tests.
Appellant first performed the
walk-and-turn test. Appellant had difficulty following the directions and
maintaining his balance. Another officer had to catch him at one point before he
fell over. Officer Standard gave appellant three opportunities to perform the
test in different areas; however, appellant never successfully completed the
test. Officer Standard next asked appellant to perform the one-leg stand test,
but appellant informed him that he had metal and pins in his right leg and could
not perform the test. Appellant was unable to recite the alphabet in sequence
from F to V or count backwards from eighty-six to sixty-eight. During the
nose-touch test, appellant failed to touch his nose with either index finger and
swayed when his eyes were closed. Appellant even told Officer Standard that he
did not think he should be driving.
After assessing the totality of the
circumstances and determining that appellant was driving while intoxicated,
Officer Standard arrested appellant. Approximately an hour and a half after the
initial stop, Officer Standard transported appellant to the police station,
where he again performed the sobriety tests. Appellant performed better on the
tests at the station. Appellant's performances of the field and station sobriety
tests were videotaped and shown to the jury.
Appellant's nephew, Dwight Wayne
Rogers, Jr., testified that because of the metal and pins in appellant's legs,
he often has trouble moving around until he loosens up. He further testified
that it was typical of appellant not to correctly say the sequence of the
alphabet because "[h]e incorrectly does the sequence on a lot of things
like that when he thinks he knows what it is."
The jury convicted appellant of
driving while intoxicated and sentenced him to eight years' confinement and a
two thousand dollar fine.
Sufficiency of the
Evidence
In two points, appellant argues
that the evidence is legally and factually insufficient to support his DWI
conviction. The State responds that the evidence is both legally and factually
sufficient.
Appellant tries to argue that the
record contains no evidence, direct or circumstantial, that he lost the normal
use of his mental or physical faculties. The State, however, does not have to
establish what the defendant's normal use of his faculties is in order to prove
that he did not have normal use of his mental and physical faculties. Fogle
v. State 988 S.W.2d 891, 894 (Tex. App.--Fort Worth 1999, pet. ref'd); Reagan
v. State, 968 S.W.2d 571, 572 (Tex. App.--Texarkana 1998, pet. ref'd); Massie
v. State, 744 S.W.2d 314, 316 (Tex. App.--Dallas 1988, pet. ref'd).
Accordingly, applying the appropriate standards of review,(2)
we hold that the evidence is both legally and factually sufficient to support
the jury's verdict.(3)
 
                                                                       TERRIE
LIVINGSTON
                                                                       JUSTICE
 
PANEL A: CAYCE, C.J.; LIVINGSTON and DAUPHINOT, JJ.

DO NOT PUBLISH
Tex. R. App. P. 47.2(b)
DELIVERED: March 27, 2003

1. See Tex. R. App. P. 47.4.
2. See Emery v. State, 881 S.W.2d 702, 705 (Tex.
Crim. App. 1994) (providing legal sufficiency standard of review), cert.
denied, 513 U.S. 1192 (1995); Narvaiz v. State, 840 S.W.2d 415,
423 (Tex. Crim. App. 1992) (same), cert. denied, 507 U.S. 975 (1993); Sims
v. State, No. 1328-01, slip op. at 37-38, 2003 WL 1060179, at *1 (Tex.
Crim. App. March 12, 2003) (holding that a proper factual
sufficiency review must include a discussion of the most important and relevant
evidence that supports the appellant's complaint on appeal);
Santellan v. State, 939 S.W.2d 155, 165 (Tex. Crim. App. 1997) (providing
factual sufficiency standard of review); Clewis v. State,
922 S.W.2d 126, 129 (Tex. Crim. App. 1996) (same).
3. See Jackson v. Virginia, 443 U.S.
307, 319, 99 S. Ct. 2781, 2789 (1979); Johnson v. State,
23 S.W.3d 1, 7 (Tex. Crim. App. 2000); Clewis, 922 S.W.2d
at 134.