NO. 07-03-0293-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL D

MARCH 17, 2005

_____

ANDREW FREEMAN, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

_____

FROM THE COUNTY COURT AT LAW NO. 1 OF LUBBOCK COUNTY;

NO. 2002-482229; HONORABLE L. B. (RUSTY) LADD, JUDGE

_____

Before QUINN and REAVIS and CAMPBELL, JJ.

**MEMORANDUM OPINION**

Following a plea of not guilty, appellant Andrew Freeman was convicted by a jury of driving while intoxicated and punishment was assessed at 180 days confinement, suspended for 24 months, and a $500 fine. Presenting two issues, appellant questions whether the trial court erred in allowing (1) into evidence extraneous bad acts in conflict

with Rule 404 of the Texas Rules of Evidence and article 37.07 of the Texas Code of Criminal Procedure, and (2) the State to misstate the law during *voir dire* by saying that his loss of normal use was compared to a wide range of what's normal. We affirm.

While on routine patrol, Officer Brandon Price observed a white truck traveling at a high rate of speed. He turned on his radar and clocked appellant driving 85 miles per hour in a 60 mile per hour zone. He activated the lights on his patrol car and stopped appellant. He detected a strong odor of alcohol on appellant's breath and also observed that his eyes were watery and bloodshot and his speech slurred. According to Officer Price's testimony and the videotape of the stop, he asked appellant to exit the vehicle and administered several field sobriety tests. Following the tests, Officer Price formed an opinion that appellant was intoxicated and arrested him.

Appellant was placed in the back seat of the patrol car and while the video camera was operating, made numerous statements regarding prior bad acts. He also became belligerent, profane, and uncooperative. According to the videotape, he was not administered *Miranda* warnings during the time following the stop and his transport to municipal court.

By his first issue, appellant contends the trial court's ruling admitting into evidence extraneous bad acts is in conflict with Rule 404(b) of the Texas Rules of Evidence and article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We disagree. By his argument, appellant complains of the trial court's partial denial of his motion to suppress.

He further asserts error by the trial court in failing to consider his Rule 404(b) objection, in not requiring the State to satisfy its burden to demonstrate a need for the evidence, and by only ruling on his Rule 403 balancing test objection.

A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. We apply a bifurcated standard of review giving almost total deference to the court's determination of historical facts and reviewing *de novo* its application of the law to the facts. Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State v. Ross, 32 S.W.3d 853, 856 (Tex.Cr.App. 2000); *see also* Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). The evidence is viewed in the light most favorable to the court's ruling. Armendariz v. State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), *cert. denied*, __ U.S. __, 124 S.Ct. 1883, 158 L.Ed.2d 469 (2004). State v. Ballard , 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). Furthermore, the trial court's ruling admitting the evidence will be upheld if it is reasonably supported by the evidence and correct on any theory of law. In a suppression hearing, the trial court is the sole judge of the credibility of the witnesses and the weight to be given their testimony. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002).

Before evidence may be admissible, it must be relevant. Tex. R. Evid. 401. Rule 404(b) provides that extraneous acts may be admissible for certain purposes such as proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident, but are not admissible to prove a person's character or to show action in conformity therewith. The purposes designated, however, are neither mutually exclusive

nor collectively exhaustive. Montgomery v. State, 810 S.W.2d 372, 388 (Tex.Cr.App. 1991) (op. on reh'g). Once a Rule 404(b) objection is made, the proponent of the evidence must persuade the trial court that the evidence has relevance apart from character conformity. *Id.* at 387-88. If the trial court overrules the Rule 404(b) objection and determines the evidence is relevant beyond its character conformity, it has ruled on the full extent of the opponent's Rule 404(b) objection. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App. 1997), citing *Montgomery*, 810 S.W.2d at 388. *Id.* The opponent of the evidence must then make a Rule 403 objection requesting the trial court to weigh the probative and prejudicial value of the evidence. *Id.*

Relying on McAllister v. State, 34 S.W.3d 346, 353-54 (Tex.App.–Texarkana 2000, pet. ref'd), appellant argues the State was never required to carry its burden of demonstrating that the evidence had relevance apart from character conformity. He further contends the trial court failed to make a ruling on his Rule 404(b) objection. We disagree.

Officer Price testified that appellant was initially stopped for speeding. Price approached appellant's truck and observed that he had blood shot eyes, slurred speech, and the odor of alcohol on his breath. Appellant was asked to exit his truck and perform sobriety tests. Following the tests, Price observed clues indicating appellant was intoxicated and arrested him and placed him in the patrol car. Prior to being read *Miranda* warnings and while being transported to municipal court, appellant made numerous statements without any prompting or questioning from Price.

4

The trial court suppressed three excerpts of the videotape of appellant's stop: (1) Price questioning appellant about an offense for which he was granted probation; (2) Price questioning appellant about a gun; and (3) appellant's response to Price's question regarding how much he had to drink. The remainder of appellant's motion to suppress was denied and the statements on the videotape were admitted into evidence as voluntary, spontaneous statements which had not been made in response to any questioning by Price.

Following the court's partial denial of the motion to suppress, defense counsel made a further objection based on Rule 403 and requested the court to conduct a balancing test. In overruling the Rule 403 objection, the trial court explained:

> part of that balancing test is the State's need for such evidence and in a DWI case especially when there is not a breath test, or any kind of chemical test, then the Defendant's behavior is the only evidence they've got.

Although appellant argues the trial court did not rule on his Rule 404(b) objection before conducting a balancing test under Rule 403, the record establishes that the trial court did in fact deny portions of the motion to suppress prior to engaging in the balancing test.

We must uphold a trial court's ruling if it is within the zone of reasonable disagreement. *Montgomery*, 810 S.W.2d at 391. Additionally, a trial court's evidentiary ruling should not be disturbed on appeal if it is correct on any theory of law applicable to the case. Rankin v. State, 974 S.W.2d 707, 714 (Tex.Cr.App. 1996). Furthermore,

5

appellate review of a trial court's balancing determination rarely results in reversal and does so only after a clear abuse of discretion. *Montgomery*, 810 S.W.2d at 392.

In *McAllister*, the court found error by the trial court in failing to exclude statements of extraneous conduct on a videotape because the State did not demonstrate a permissible purpose for the evidence and the court found none in the record. 34 S.W.3d at 354. The error, however, was held to be harmless under Rule 44.2(b) of the Texas Rules of Appellate Procedure. In the record before us, the court explained that without a breath test or chemical test, evidence of appellant's behavior following his arrest was necessary to establish an elemental fact apart from character conformity. Thus, we conclude the trial court did not abuse its discretion in failing to suppress appellant's voluntary and spontaneous statements made without any prompting by Officer Price. Issue one is overruled.

Appellant maintains by his second issue that the trial court erred in allowing the State to misstate the law during *voir dire* by mentioning that loss of normal use of his faculties was compared to a wide range of what is normal. We disagree. In addressing potential jurors during *voir dire*, the State commented:

> loss of normal use is not for loss of the defendant's normal use, okay. There's kind of a range out there of what people's normal, mental, physical faculties are and that's the range we're working with.

6

Defense counsel's objection that the law requires the State to prove the loss of the defendant's own normal faculties was overruled.

A person is intoxicated when he does not have the normal use of his mental or physical faculties by reason of the introduction of alcohol, a controlled substance, a drug, a dangerous drug, a combination of two or more of those substances, or any other substance into the body . . . . Tex. Pen. Code Ann. 49.01(2)(A) (Vernon 2003). An allegation that a person is intoxicated does not require proof of that person's normal abilities; rather, it means the faculties which must be tested belong to that person. Massie v. State, 744 S.W.2d 314, 316 (Tex.App.–Dallas 1988, pet. ref'd); *see also* Hernandez v. State, 107 S.W.3d 41, 50 (Tex.App.–San Antonio 2003, pet. ref'd); Railsback v. State, 95 S.W.3d 473, 484 (Tex.App.–Houston [1st Dist.] 2002, pet. ref'd); Reagan v. State, 968 S.W.2d 571, 572 (Tex.App.–Texarkana 1998, pet. ref'd).

Appellate courts have declined to construe an allegation that an appellant did not have normal use of his mental and physical faculties the same as an allegation that the appellant did not have *his* normal use of faculties. (Emphasis added). *Railsback*, 95 S.W.3d at 484; *Reagan*, 968 S.W.2d at 572; *Massie*, 744 S.W.2d at 316. An objective standard refers to not having the normal use of faculties when compared to the non-intoxicated behavior of a reasonable person. *Hernandez* 107 S.W.3d at 50. A subjective standard, on the other hand, would require the State to prove a defendant's loss of normal use of faculties when compared to his own non-intoxicated behavior thereby placing an

7

unnecessary burden on the State to present evidence of a defendant's non-intoxicated faculties. *Hernandez*, 107 S.W.3d at 51. An objective standard is a correct statement of the law. *Id*. at 49.

The State's comment during *voir dire* that loss of normal use of faculties is compared to a "range out there" was an objective standard and not a misstatement of the law. Thus, the trial court did not err in overruling appellant's objection. Issue two is overruled.

Accordingly, the judgment of the trial court is affirmed.

Don H. Reavis
Justice

Do not publish.