NO. 07-05-0332-CR



IN THE COURT OF APPEALS



FOR THE SEVENTH DISTRICT OF TEXAS



AT AMARILLO



PANEL C



MAY 2, 2007


_______________________________



CHRISTIAN BJORGAARD, 



 Appellant


v.



THE STATE OF TEXAS, 



 Appellee

_________________________________



FROM THE 69TH DISTRICT COURT OF DALLAM COUNTY;



NO. 3868; HON. RON ENNS, PRESIDING


________________________________



On Motion for Rehearing


________________________________



Before QUINN, C.J., and HANCOCK and PIRTLE, JJ.

 Pending before the court is the State's motion for rehearing. Its content leads us
to the same end encountered after reading the State's initial brief. Despite the absence
of facts surrounding the manner or means underlying appellant's prior conviction, the State
seeks to use it for little more than providing the jurors basis from which to infer that
because appellant did it before, he must have done it again. Though one's past acts may
be indicators of future conduct, evidence used simply to show that the accused acted in
line with his character is inadmissible under the Rules of Evidence. Whether the latter
should be reconsidered is not within our prerogative. Accordingly, we overrule the motion
before us.


 Per Curiam

Do not publish.

 




















 back seat of the patrol car and while the video camera
was operating, made numerous statements regarding prior bad acts. He also became
belligerent, profane, and uncooperative. According to the videotape, he was not
administered Miranda warnings during the time following the stop and his transport to
municipal court.

 By his first issue, appellant contends the trial court's ruling admitting into evidence
extraneous bad acts is in conflict with Rule 404(b) of the Texas Rules of Evidence and
article 37.07, section 3(g) of the Texas Code of Criminal Procedure. We disagree. By his
argument, appellant complains of the trial court's partial denial of his motion to suppress.
He further asserts error by the trial court in failing to consider his Rule 404(b) objection, in
not requiring the State to satisfy its burden to demonstrate a need for the evidence, and by
only ruling on his Rule 403 balancing test objection.

 A trial court's ruling on a motion to suppress is reviewed for abuse of discretion. We
apply a bifurcated standard of review giving almost total deference to the court's
determination of historical facts and reviewing de novo its application of the law to the facts. 
Laney v. State, 117 S.W.3d 854, 857 (Tex.Cr.App. 2003); State v. Ross, 32 S.W.3d 853,
856 (Tex.Cr.App. 2000); see also Guzman v. State, 955 S.W.2d 85, 89 (Tex.Cr.App. 1997). 
The evidence is viewed in the light most favorable to the court's ruling. Armendariz v.
State, 123 S.W.3d 401, 402 (Tex.Cr.App. 2003), cert. denied, __ U.S. __, 124 S.Ct. 1883,
158 L.Ed.2d 469 (2004). State v. Ballard , 987 S.W.2d 889, 891 (Tex.Cr.App. 1999). 
Furthermore, the trial court's ruling admitting the evidence will be upheld if it is reasonably
supported by the evidence and correct on any theory of law. In a suppression hearing, the
trial court is the sole judge of the credibility of the witnesses and the weight to be given their
testimony. Willover v. State, 70 S.W.3d 841, 845 (Tex.Cr.App. 2002).

 Before evidence may be admissible, it must be relevant. Tex. R. Evid. 401. Rule
404(b) provides that extraneous acts may be admissible for certain purposes such as proof
of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake
or accident, but are not admissible to prove a person's character or to show action in
conformity therewith. The purposes designated, however, are neither mutually exclusive
nor collectively exhaustive. Montgomery v. State, 810 S.W.2d 372, 388 (Tex.Cr.App. 1991)
(op. on reh'g). Once a Rule 404(b) objection is made, the proponent of the evidence must
persuade the trial court that the evidence has relevance apart from character conformity. 
 Id. at 387-88. If the trial court overrules the Rule 404(b) objection and determines the
evidence is relevant beyond its character conformity, it has ruled on the full extent of the
opponent's Rule 404(b) objection. Santellan v. State, 939 S.W.2d 155, 169 (Tex.Cr.App.
1997), citing Montgomery, 810 S.W.2d at 388. Id. The opponent of the evidence must
then make a Rule 403 objection requesting the trial court to weigh the probative and
prejudicial value of the evidence. Id. 

 Relying on McAllister v. State, 34 S.W.3d 346, 353-54 (Tex.App.-Texarkana 2000,
pet. ref'd), appellant argues the State was never required to carry its burden of
demonstrating that the evidence had relevance apart from character conformity. He further
contends the trial court failed to make a ruling on his Rule 404(b) objection. We disagree. 

 Officer Price testified that appellant was initially stopped for speeding. Price
approached appellant's truck and observed that he had blood shot eyes, slurred speech,
and the odor of alcohol on his breath. Appellant was asked to exit his truck and perform
sobriety tests. Following the tests, Price observed clues indicating appellant was
intoxicated and arrested him and placed him in the patrol car. Prior to being read Miranda
warnings and while being transported to municipal court, appellant made numerous
statements without any prompting or questioning from Price.

 The trial court suppressed three excerpts of the videotape of appellant's stop: (1)
Price questioning appellant about an offense for which he was granted probation; (2) Price
questioning appellant about a gun; and (3) appellant's response to Price's question
regarding how much he had to drink. The remainder of appellant's motion to suppress was
denied and the statements on the videotape were admitted into evidence as voluntary,
spontaneous statements which had not been made in response to any questioning by
Price. 

 Following the court's partial denial of the motion to suppress, defense counsel made
a further objection based on Rule 403 and requested the court to conduct a balancing test. 
In overruling the Rule 403 objection, the trial court explained:

 part of that balancing test is the State's need for such evidence and in a DWI
case especially when there is not a breath test, or any kind of chemical test,
then the Defendant's behavior is the only evidence they've got.


Although appellant argues the trial court did not rule on his Rule 404(b) objection before
conducting a balancing test under Rule 403, the record establishes that the trial court did
in fact deny portions of the motion to suppress prior to engaging in the balancing test.

 We must uphold a trial court's ruling if it is within the zone of reasonable
disagreement. Montgomery, 810 S.W.2d at 391. Additionally, a trial court's evidentiary
ruling should not be disturbed on appeal if it is correct on any theory of law applicable to
the case. Rankin v. State, 974 S.W.2d 707, 714 (Tex.Cr.App. 1996). Furthermore,
appellate review of a trial court's balancing determination rarely results in reversal and does
so only after a clear abuse of discretion. Montgomery, 810 S.W.2d at 392. 

 In McAllister, the court found error by the trial court in failing to exclude statements
of extraneous conduct on a videotape because the State did not demonstrate a permissible
purpose for the evidence and the court found none in the record. 34 S.W.3d at 354. The
error, however, was held to be harmless under Rule 44.2(b) of the Texas Rules of
Appellate Procedure. In the record before us, the court explained that without a breath test
or chemical test, evidence of appellant's behavior following his arrest was necessary to
establish an elemental fact apart from character conformity. Thus, we conclude the trial
court did not abuse its discretion in failing to suppress appellant's voluntary and
spontaneous statements made without any prompting by Officer Price. Issue one is
overruled. 

 Appellant maintains by his second issue that the trial court erred in allowing the
State to misstate the law during voir dire by mentioning that loss of normal use of his 
faculties was compared to a wide range of what is normal. We disagree. In addressing
potential jurors during voir dire, the State commented: 

 loss of normal use is not for loss of the defendant's normal use, okay. 
There's kind of a range out there of what people's normal, mental, physical
faculties are and that's the range we're working with. 


Defense counsel's objection that the law requires the State to prove the loss of the
defendant's own normal faculties was overruled.

 A person is intoxicated when he does not have the normal use of his mental or
physical faculties by reason of the introduction of alcohol, a controlled substance, a drug,
a dangerous drug, a combination of two or more of those substances, or any other
substance into the body . . . . Tex. Pen. Code Ann. 49.01(2)(A) (Vernon 2003). An
allegation that a person is intoxicated does not require proof of that person's normal
abilities; rather, it means the faculties which must be tested belong to that person. Massie
v. State, 744 S.W.2d 314, 316 (Tex.App.-Dallas 1988, pet. ref'd); see also Hernandez v.
State, 107 S.W.3d 41, 50 (Tex.App.-San Antonio 2003, pet. ref'd); Railsback v. State, 95
S.W.3d 473, 484 (Tex.App.-Houston [1st Dist.] 2002, pet. ref'd); Reagan v. State, 968
S.W.2d 571, 572 (Tex.App.-Texarkana 1998, pet. ref'd).

 Appellate courts have declined to construe an allegation that an appellant did not
have normal use of his mental and physical faculties the same as an allegation that the
appellant did not have his normal use of faculties. (Emphasis added). Railsback, 95
S.W.3d at 484; Reagan, 968 S.W.2d at 572; Massie, 744 S.W.2d at 316. An objective
standard refers to not having the normal use of faculties when compared to the non-intoxicated behavior of a reasonable person. Hernandez 107 S.W.3d at 50. A subjective
standard, on the other hand, would require the State to prove a defendant's loss of normal
use of faculties when compared to his own non-intoxicated behavior thereby placing an
unnecessary burden on the State to present evidence of a defendant's non-intoxicated
faculties. Hernandez, 107 S.W.3d at 51. An objective standard is a correct statement of
the law. Id. at 49.

 The State's comment during voir dire that loss of normal use of faculties is compared
to a "range out there" was an objective standard and not a misstatement of the law. Thus,
the trial court did not err in overruling appellant's objection. Issue two is overruled.

 Accordingly, the judgment of the trial court is affirmed.

 Don H. Reavis

 Justice



Do not publish.