

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00016-CR
_____

DAVID BERTRED HILL, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the County Court at Law
Cherokee County, Texas
Trial Court No. 48280

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

David Bertred Hill was speeding—sixty-two miles per hour in a zone with a speed limit of forty—through the community of Rusk,[1] Texas, in his tractor-trailer rig not long after midnight, in mid-2007. Troy Ansley, the Rusk police officer who stopped Hill, did as he normally does with stopped drivers of large trucks—he asked Hill to come to the back of the truck, in front of Ansley's patrol car. Once the two were behind Hill's truck, Ansley noticed the smell of alcohol emitting from Hill. Hill told Ansley conflicting stories as to his consumption of alcohol and showed signs, according to Ansley, of intoxication—signs we will detail later. Ansley concluded that Hill was under the influence of alcohol. As a result of this early-morning encounter, Hill was convicted of driving while intoxicated (DWI).[2]

On appeal, Hill complains that the evidence was insufficient to prove he had lost the normal use of his physical or mental faculties and that Ansley's investigation exceeded the scope of the traffic stop. We affirm the trial court's judgment because (1) sufficient evidence supported Hill's conviction, and (2) Hill preserved no error regarding the evidence discovered during the traffic stop.

---

[1]Originally appealed to the Twelfth Court of Appeals, this case was transferred to this Court by the Texas Supreme Court pursuant to its docket equalization efforts. *See* TEX. GOV'T CODE ANN. § 73.001 (Vernon 2005). We are unaware of any conflict between precedent of the Twelfth Court of Appeals and that of this Court on any relevant issue. *See* TEX. R. APP. P. 41.3.

[2]TEX. PENAL CODE ANN. § 49.01(2)(A) (West 2011), § 49.04(a) (West Supp. 2011).

*(1)      Sufficient Evidence Supported Hill's Conviction*

Hill claims that the evidence shows, at most, Hill drove after consuming alcohol and that it is insufficient to support a finding beyond a reasonable doubt that Hill suffered a loss of mental or physical faculties.  We find the evidence sufficient.

In evaluating the sufficiency of the evidence, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of the crime beyond a reasonable doubt.  *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).  We are to conduct a rigorous sufficiency review focusing on the quality of the evidence presented.  *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).  We examine evidentiary sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."  *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007)).

After Ansley stopped Hill and addressed him behind the truck, Ansley smelled alcohol coming from Hill's person or clothing.  Hill first told Ansley he had consumed no alcoholic beverages, but then said he had had four beers, the last, about eight hours earlier.  Hill's eyes were bloodshot, and Ansley noted him swaying.  Ansley administered field-sobriety tests.

Hill demonstrated five of six clues on the horizontal gaze nystagmus (HGN) test.  When performing a one-legged-stand test, Hill put one leg down and used his arms for balance, thus

failing to properly complete the test. Doing the walk-and-turn test, Hill missed touching his heel to toe, stepped off the line, made an improper turn, and took the wrong number of steps. A portable breath test showed the presence of alcohol on Hill's breath, and he refused to give a breath sample on the Intoxilyzer machine.[3] Ansley concluded that Hill was under the influence of alcohol.

Ansley's testimony about Hill's performance on the field-sobriety tests is evidence of Hill's loss of physical faculties. In *Reagan v. State*, 968 S.W.2d 571 (Tex. App.—Texarkana 1998, pet. ref'd), we found the evidence sufficient to support conviction where it was shown the defendant had slurred speech; smelled of alcohol; had difficulties balancing; and did not successfully complete the HGN test. *See also Compton v. State*, 120 S.W.3d 375, 380 (Tex. App.—Texarkana 2003, pet. ref'd) (evidence of lack of smooth pursuit on HGN test; using hands to balance during one-legged-stand; combined with evidence of speeding and running red light; smell of alcohol on breath; admission of drinking two beers, plus one cold beer found in vehicle; sufficient to support DWI conviction); *Kennedy v. State*, 797 S.W.2d 695 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (evidence of intoxication was sufficient where officer observed defendant had red, glassy eyes; slurred speech; and strong odor of alcohol on breath).

Sufficient evidence supports the finding of a loss of physical or mental faculties.

---

[3]Results on a portable breath test machine are admissible to show the presence of alcohol. *See Adams v. State*, 156 S.W.3d 152, 156 (Tex. App.—Beaumont 2005, no pet.); *Fernandez v. State*, 915 S.W.2d 572, 576 (Tex. App.—San Antonio 1996, no pet.). Evidence of the appellant's refusal to submit to a breath test is relevant to show a consciousness of guilt on his or her part. *Bartlett v. State*, 270 S.W.3d 147, 153 (Tex. Crim. App. 2008).

*(2)*     *Hill Preserved No Error Regarding the Evidence Discovered During the Traffic Stop*

Hill also complains that, after Ansley stopped Hill for speeding, his further questioning and investigation of Hill exceeded the scope necessary to effectuate the traffic stop. This complaint was not preserved for our review.

While Hill's point of error complains of the scope of Ansley's stop and investigation, there is no attack on the admission of the evidence procured by that investigation. There was no motion to suppress or trial objection seeking to keep that evidence from being admitted. Hill must challenge the admissibility of Ansley's evidence, else there is no reason to challenge the scope of the traffic stop. A defendant may challenge the admissibility of evidence in two ways: (a) object to the admission of the evidence when it is offered at trial or (b) file a pretrial motion to suppress[4] the evidence. *Holmes*, 248 S.W.3d 194, 199 (Tex. Crim. App. 2008). Hill did neither.

To preserve a complaint for appeal, the record must show the complaint was made to the trial court by a timely request, objection, or motion. *See* TEX. R. APP. P. 33.1(a)(1). Failure to do so is fatal. *See Perry v. State*, 703 S.W.2d 668, 670–71 (Tex. Crim. App. 1986); *Stults v. State*, 23 S.W.3d 198, 206 (Tex. App.—Houston [14th Dist.] pet. ref'd) (no pretrial suppression motion or objection to substantial testimony concerning gun found in defendant's car; objection only later, when gun physically tendered as exhibit; complaint not preserved).

---

[4]A motion to suppress is nothing more than a specialized objection to the admission of evidence. *Galitz v. State*, 617 S.W.2d 949, 952 n.10 (Tex. Crim. App. 1981) (op. on reh'g). If the objection made in the trial court differs from the complaint made on appeal, the defendant has failed to preserve error for review. *Wilson v. State*, 71 S.W.3d 346, 349 (Tex. Crim. App. 2002). Here, there was no motion to suppress or any in-court objection to the evidence.

5

Because Hill made no objection to the admission of Ansley's testimony describing evidence of Hill's intoxication and lack of faculties, Hill's challenge to the scope of the traffic stop[5] became moot. There being nothing presented for our review, we overrule this point of error.

We affirm the judgment of the trial court.

Josh R. Morriss, III
Chief Justice

Date Submitted:     June 15, 2012
Date Decided:       June 18, 2012

Do Not Publish

---

[5]Ansley testified that, while conducting the traffic stop, he noticed Hill's bloodshot eyes and the smell of alcohol; these facts, combined with the time of morning, prompted him to investigate the possibility of DWI. Even if Hill had properly preserved error, the officer here had reasonable suspicion to investigate the possibility that Hill had been driving while intoxicated. *Goudeau v. State*, 209 S.W.3d 713, 719 (Tex. App.—Houston [14th Dist.] 2006, no pet.) (during traffic stop, officer noticed defendant's bloodshot eyes, slurred speech, and fumbling for insurance papers; scope of investigation expanded to possible intoxicated driving); *Perales v. State*, 117 S.W.3d 434, 439 (Tex. App.—Corpus Christi 2003, pet. ref'd) (reasonable suspicion of suspect driving while intoxicated when suspect had red eyes, officer smelled alcohol, and open container in plain view); *Rubeck v. State*, 61 S.W.3d 741, 745 (Tex. App.—Fort Worth 2001, no pet.) (slurred speech and strong smell of alcohol on appellant's breath, sufficient reasonable suspicion to investigate intoxicated driving).

6