

# In The
# Court of Appeals
# Sixth Appellate District of Texas at Texarkana

_____

No. 06-12-00150-CR

_____

ROBERT WYATT, Appellant

V.

THE STATE OF TEXAS, Appellee

On Appeal from the 188th District Court
Gregg County, Texas
Trial Court No. 40,788-A

Before Morriss, C.J., Carter and Moseley, JJ.
Memorandum Opinion by Chief Justice Morriss

MEMORANDUM OPINION

While driving home after an upsetting argument with his wife, Robert Wyatt, who had admittedly consumed two large beers, was speeding—fifty-nine miles per hour in a zone with a speed limit of forty-five—on Highway 80 in March 2011. Noticing Wyatt's speeding vehicle, Texas Department of Public Safety (DPS) Officer Carl Davis initiated a traffic stop. Before pulling over to the side of the road, Wyatt weaved over the center line. Once Davis appeared at Wyatt's driver-side window, Wyatt delayed in getting the window down. Davis smelled the odor of alcohol emitting from Wyatt, and he continued to smell that odor in the open air. Wyatt told Davis he consumed two twenty-four-ounce beers.[1] After conducting field sobriety tests, Davis concluded that Wyatt had been driving under the influence of alcohol. As a result of the arrest, Wyatt was convicted of the felony offense of driving while intoxicated (DWI), had his sentence enhanced due to prior convictions,[2] and was sentenced to fifty years' imprisonment. Because the

---

[1]Two twenty-four-ounce "tallboy" cans appear to be the equivalent of four, U.S. standard, twelve-ounce cans of beer. *See, e.g.*, *Blood Alcohol Percentage Charts*, TX. ALCOHOLIC BEVERAGE COMM'N, http://www.tabc.state.tx.us/enforcement/blood_alcohol_percentage_chart.asp.

[2]The indictment contained the following enhancement paragraphs:

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 25th day of June, 1993, in cause number 6315 in the County Court of Marion County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated; and on the 21st day of May, 1996, in cause number 96-127 in the County Court at Law of Harrison County, Texas, the defendant was convicted of an offense relating to the operating of a motor vehicle while intoxicated;

> And it is further presented in and to said Court that, prior to the commission of the aforesaid offense (hereafter styled the primary offense), on the 11th day of July, 2002, in cause number F11,804 in the 115th Judicial District Court of Marion County, Texas, the defendant was convicted of the felony offense of Driving While Intoxicated.

> And it is further presented in and to said Court that, prior to the commission of the primary offense, and after the conviction in cause number F11,804 was final, the defendant committed the

evidence is sufficient to support the conviction, we affirm the judgment of the trial court, after a modification.

*(1)*     *Sufficient Evidence Supports the Verdict*

Wyatt argues, in his one appellate point, that the evidence is insufficient to support a finding beyond a reasonable doubt that he operated a motor vehicle while intoxicated.

In evaluating legal sufficiency, we review all the evidence in the light most favorable to the trial court's judgment to determine whether any rational jury could have found the essential elements of DWI beyond a reasonable doubt. *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010) (citing *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)); *Hartsfield v. State*, 305 S.W.3d 859, 863 (Tex. App.—Texarkana 2010, pet. ref'd).   We are to conduct a rigorous sufficiency review focusing on the quality of the evidence presented.   *Brooks*, 323 S.W.3d at 917–18 (Cochran, J., concurring).   We examine legal sufficiency under the direction of the *Brooks* opinion, while giving deference to the responsibility of the jury "to fairly resolve conflicts in testimony, to weigh the evidence, and to draw reasonable inferences from basic facts to ultimate facts."   *Hooper v. State*, 214 S.W.3d 9, 13 (Tex. Crim. App. 2007) (citing *Jackson*, 443 U.S. at 318–19); *Clayton v. State*, 235 S.W.3d 772, 778 (Tex. Crim. App. 2007).

---

felony offense of Driving While Intoxicated and was convicted on the 10th day of August, 2004, in cause number F13,419 in the 276th Judicial District Court of Marion County, Texas.

Because the indictment alleged, in the first paragraph, that Wyatt had two prior convictions for DWI, the offense was a felony of the third degree. TEX. PENAL CODE ANN. § 49.09(b)(2) (West Supp. 2012). If it is shown on trial of a felony offense that "the defendant has previously been finally convicted of two felony offenses, and the second previous felony conviction is for an offense that occurred subsequent to the first previous conviction having become final, on conviction the defendant shall be punished by imprisonment in the Texas Department of Criminal Justice for life, or for any term of not more than 99 years or less than 25 years." TEX. PENAL CODE ANN. § 12.42(d) (West Supp. 2012).

3

The elements of the offense are measured as defined by a hypothetically correct jury charge. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997). The hypothetically correct jury charge "sets out the law, is authorized by the indictment, does not unnecessarily increase the State's burden of proof or unnecessarily restrict the State's theories of liability, and adequately describes the particular offense for which the defendant was tried." *Id.*

Under Texas law, a person is guilty of DWI if the person (1) is intoxicated (2) while operating a motor vehicle (3) in a public place. *See* TEX. PENAL CODE ANN. § 49.04 (West Supp. 2012). Wyatt contends only that the evidence was insufficient to prove the intoxication element of the offense. Intoxication may be proved one of two ways—(1) proof of impairment, i.e., loss of the normal use of mental or physical faculties, or (2) proof of alcohol concentration in the blood, breath, or urine of 0.08 or more, i.e., intoxication "per se." TEX. PENAL CODE ANN. § 49.01(2) (West 2011); *Kirsch v. State*, 306 S.W.3d 738, 743 (Tex. 2010). Here, Wyatt complains that intoxication was not proven by impairment or by proof of blood-alcohol concentration in the blood. We disagree.

Davis initiated the traffic stop because Wyatt was speeding, but noticed Wyatt weave over the center line before he pulled onto the side of the road. After initiating contact with Wyatt, Davis noticed a strong odor of alcohol emanating from Wyatt's car. The odor of alcohol did not dissipate as Davis spoke with Wyatt at the back of Wyatt's car. Wyatt admitted that he consumed two twenty-four ounce cans of beer, the last of which was consumed approximately thirty minutes before the stop. Wyatt did not use the car for balance while walking, and there were no open containers of alcoholic beverages in the car. When speaking with Wyatt, Davis

4

noticed a small piece of chewing tobacco on Wyatt's shirt, suggesting to Davis that Wyatt used the tobacco to try to mask the odor of alcohol. Wyatt seemed to be upset and told Davis he had been crying due to an argument with his wife. Wyatt's eyes were watery and bloodshot, and his speech was slurred. Wyatt's answers to Davis were consistent, and he did not sway when he stood behind his car. Davis administered field-sobriety tests.

Wyatt demonstrated six clues of intoxication on the horizontal gaze nystagmus (HGN) test. While performing the walk-and-turn test, Wyatt used his arms to balance and stopped and asked directions while he was turning. During the one-leg-stand test, Wyatt put his foot down twice, swayed, used his arms, and hopped.

Davis testified that, based on Wyatt's speeding, lane violation, failing to roll down the window when Davis approached the vehicle, the odor of alcohol, admission to drinking two twenty-four ounce cans of beer, fumbling in his vehicle for identification, and performance on the field sobriety tests, Davis formed the opinion that Wyatt was intoxicated. The video recording of Davis' encounter with Wyatt was played for the jury. The jury was able to observe Wyatt throughout the course of the stop, including Wyatt's performance on the field sobriety tests.

Davis' testimony about Wyatt's performance on the field sobriety tests is evidence of Wyatt's loss of his physical faculties by reason of the introduction of alcohol into the body. *See Compton v. State*, 120 S.W.3d 375, 380 (Tex. App.—Texarkana 2003, pet. ref'd) (evidence of lack of smooth pursuit on HGN test, using hands to balance during one-leg-stand test, speeding, running red light, smell of alcohol on breath, admission of drinking two beers, and one cold beer

5

found in vehicle, sufficient to support DWI conviction); *Reagan v. State*, 968 S.W.2d 571, 573 (Tex. App.—Texarkana 1998, pet. ref'd) (defendant did not properly complete walk-and-turn and one-leg-stand tests, smelled of alcohol, admitted to consuming "a couple of drinks," had bloodshot, watering, and dilated eyes, slurred speech, and failed HGN test); *Kennedy v. State*, 797 S.W.2d 695, 696 (Tex. App.—Houston [1st Dist.] 1990, no pet.) (evidence of intoxication sufficient where defendant swayed as he performed "head tilt" test, failed to follow instructions and appeared to lose balance when performing walk-and-turn test, dropped leg on one-leg-stand test, and had red, glassy eyes, slurred speech, and strong odor of alcohol on breath). There was sufficient evidence of Wyatt's impairment.

After his arrest, Wyatt was transported to Good Shepherd Hospital in Longview for Davis to obtain a blood specimen. Karen Ream, a forensic scientist for the Texas DPS crime laboratory in Tyler, testified that she performed the blood-alcohol concentration (BAC) test on Wyatt's blood specimen, taken at the hospital at 11:19 p.m. on the evening of Wyatt's arrest. The specimen contained 0.10 grams of alcohol per 100 milliliters of blood. The BAC of 0.10 reflects results for that time only. Ream testified that she could not determine Wyatt's BAC at 10:45 p.m. on that same evening. Retrograde extrapolation is an estimate of BAC at a prior time, based on either hypothetical or a known set of conditions. Ream did not perform a retrograde extrapolation in this case because she did not have adequate information to do so.[3] Ream,

---

[3]Ream also stated that she does not perform retrograde extrapolations because they are estimates and are subject to manipulation.

therefore, could not determine from her analysis whether Wyatt's BAC at the time of the traffic stop was 0.08 or greater.

Wyatt contends that Ream's testimony does not establish Wyatt's BAC at the time of the traffic stop. He claims this theory of intoxication is thus eliminated. On the contrary, Wyatt's BAC test result, which indicated a 0.10 BAC approximately ninety minutes after he drove, during which time he was not in a position to consume more alcohol, was probative evidence that his BAC level while he drove was in excess of 0.08, even absent expert retrograde extrapolation testimony—given the accompanying evidence of impairment already discussed.[4] *See Kirsch*, 306 S.W.3d at 746. This evidence raises a logical inference that Wyatt was intoxicated at the time he was driving at 10:45 p.m., as well as at the time the BAC test was performed, in light of the additional evidence, including the strong odor of alcohol emanating from Wyatt, Wyatt's admitted recent consumption of two twenty-four-ounce beers, his red, watery eyes, slurred speech, speeding, lane violation, fumbling in his vehicle for identification, and performance on the field sobriety tests. *See id.* Evidence of intoxication obtained near the time of driving is probative evidence the defendant was intoxicated while driving. *See Gigliobianco v. State*, 210 S.W.3d 637, 642 (Tex. Crim. App. 2006) (results of breath tests taken seventy-five minutes after driving had "considerable probative value" in proving both per se and impairment intoxication at time of driving); *State v. Mechler*, 153 S.W.3d 435, 440 (Tex. Crim. App. 2005) (results of breath test obtained ninety minutes after arrest probative of both impairment and per se prongs of DWI offense); *Stewart v. State*, 129 S.W.3d 93, 97–98 (Tex.

---

[4]The jury was instructed on both methods of proof of intoxication.

7

Crim. App. 2004) (results of breath test obtained eighty minutes after arrest probative of both impairment and per se prongs of DWI offense).

After viewing this evidence in the light most favorable to the verdict, we conclude that a rational jury could have found beyond a reasonable doubt that Wyatt operated his motor vehicle while intoxicated.

*(2)    Modification of Judgment*

After the jury found Wyatt guilty of the felony offense of DWI, Wyatt elected to have the trial court assess punishment. Wyatt entered a plea of true to both enhancement allegations. The judgment reflects no plea or finding regarding the first enhancement paragraph.

This Court has the authority to modify the judgment to make the record speak the truth when the matter has been called to our attention by any source. TEX. R. APP. P. 43.2; *French v. State*, 830 S.W.2d 607, 609 (Tex. Crim. App. 1992); *Rhoten v. State*, 299 S.W.3d 349, 356 (Tex. App.—Texarkana 2009, no pet.). The judgment does not accurately reflect what happened in open court. When the appellate court has the necessary evidence before it for correcting the judgment, the judgment may be modified and corrected on appeal. *Banks v. State*, 708 S.W.2d 460, 462 (Tex. Crim. App. 1986).

Because Wyatt entered a plea of true to the first enhancement paragraph of the indictment, and the court found the first enhancement paragraph to be true, but the judgment reflects these facts only as to the second enhancement, we modify the judgment to reflect a plea of true and a finding of true to the first enhancement paragraph as well as the second. *See* TEX. R. APP. P. 43.2(b).

8

We affirm the judgment of the trial court, as modified.


Josh R. Morriss, III
Chief Justice

Date Submitted:     July 3, 2013
Date Decided:       July 12, 2013

Do Not Publish